WHITE, adm'r *de bonis non*, VS BEARD.

*As to contracts by an administrator on the agreements of the intestate.*

1. Where A sold lands by parol agreement, and placed the vendee in possession, and after the vendor's death, the vendee executed his note to the administrator of the vendor, for the purchase money, and took the administrator's bond for title—conditioned for the making of title, when the note should be paid,—in an action by B, the administrator, *de bonis non* of A, to recover the amount of the note—it was held—

First—That in the absence of a disturbance in his possession of the lands, the vendee could not resist a recovery of the purchase money, on the ground of failure of consideration.

Secondly—That the administrator, *de bonis non* of A, might well maintain his action against the vendor, on his note.

In error to the Circuit Court of Tuskaloosa county.

The action in this case was assumpsit, brought by Abel H. White, as the administrator *de bonis non* of Benjamin Palmer: and the cause of action was a promissory note, made by the defendant Beard, to secure the payment of nine hundred dollars to Job Going, the administrator of Benjamin Palmer.

A demurrer having been filed to the declaration, and overruled, the defendant plead *non assumpsit* and judgment was given in his favor.

In the progress of the trial, a bill of exceptions was taken, which disclosed the facts,—that the de-

fendant offered as evidence in his defence, a bond signed by Job Going, in the penalty of three thousand dollars, and which, after reciting that Benjamin Palmer in his life time, had sold to John Beard, certain real estate, which was described, and placed him in the possession thereof, stipulated that Job Going, should on the final payment of two notes, described, make a fee simple title to said Beard, in and to said land: which bond, notwithstanding an objection on the part of the plaintiff's counsel, was admitted in evidence.

The defendant then proved by the subscribing witness to the said bond, that the note, the foundation of the action, was given in part consideration of the purchase of the lands, mentioned in the said bond: and that when the said bond and note were executed, it was understood that there was no title, or written agreement from Palmer to the defendant, although there was a bond for title, from Going to Palmer—the latter before his sale to the defendant, having purchased the lands from Going.

The Court instructed the jury, that if they believed the facts stated, the consideration of the note had failed; and they must find for the defendant.

To which the plaintiff excepted, and took a writ of error.

*Crabb, Stewart* and *Porter* for the plaintiff in error—*Ellis* and *Peck,* contra.

HOPKINS, C. J.—In this case, the action is founded upon a note made by the defendant to Job Going, as administrator of Benjamin Palmer, de-

ceased. On the trial of the cause, the defendant gave in evidence a penal bond, executed by the said Going on the day of the date of the note, with a condition, that the bond should be void, if Going conveyed a good title in fee simple to the land described in the condition, to the defendant, when he made full payment of the purchase money to Going.

It is recited in the condition, that Palmer, the intestate, purchased the land in his life time, of Going; that afterward, he bargained and sold it to the defendant, and delivered the possesion to him. That in pursuance of the agreement between the intestate and the defendant, the latter had made his notes for the purchase money to Going, as administrator; one payable the first of March, eighteen hundred and thirty-one, and the other the first of March, eighteen hundred and thirty-four. It was proved by a witness, that the note in this case, which was due on the first of March, eighteen hundred and thirty-four, was given for a part of the purchase money, and is one of the two notes mentioned in the condition of the bond. It was proved by the same witness, that the parties to the bond, admitted, when it was executed, the defendant had no title to the land, and no agreement in writing for it with Palmer, who had taken in his life time, the bond of Going for a title. The land is particularly described in the condition of the bond.

After the death of Going, the plaintiff was appointed administrator *de bonis non* of the goods and chattels of Palmer, and brought this action to recover the sum of money due on the note.

Upon the foregoing evidence, the Court below,

instructed the jury, that if they believed the facts proved, the consideration of the note had failed, and the defendant was entitled to their verdict.

The assignments of error here, are made upon the plaintiff's exception to the instructions, and the admission of the bond, in evidence.

It is indisputable that a personal representative has no interest in the real estate of his testator or intestate, and no power to sell it, unless authorised to do so, by an order of the proper Court, made in the exercise of jurisdiction conferred by our statute law. No such order appears in this case. The first question to be considered is, whether the intestate did any act in his life time, which shows that he intended his interest in the land should form part of his personal property? The proofs of the defendant, are his own admissions and Going's, contained in the condition of the bond, or proved by the witness. Such evidence would be incompetent against the heirs of Palmer, upon an application of either the administrator or the defendant, to a Court of Equity, for a specific execution of the agreement between the defendant and Palmer, but the evidence is competent between the parties to this suit. According to the proof in the cause, Palmer, the intestate, sold the land described in the condition of the bond, by a parol agreement, to the defendant, who was put in possession of the premises by the vendor; that in pursuance of the agreement with the intestate, he made the note in this case, and another, for the purchase money, to Going, the administrator of the vendor. It does not appear that the defendant has ever been disturbed in the posession

5 P.      13

of the land, or that he has abandoned it. If the evidence be true, and it cannot be questioned in this case, and the intestate had lived until the purchase money became due, without having disturbed the defendant's possession, he would have had a right to a specific execution of the agreement in a Court of Equity.*

His right to an execution of the contract, would be founded upon the performance by him, of a valuable part of the agreement, and the impossibility of placing him in *statu quo* by any other relief. The part that he performed, was the delivery of the possession, upon which the defendant could have made a successful application for a specific execution, if the vendor or his heirs had refused to convey according to the agreement, and the defendant had been in no default for not performing his part of it. The estate of the intestate could not be placed in *statu quo*, if the execution of the contract should be refused. The defendant has, we presume, as the contrary does not appear, enjoyed the possession of the premises for many years, and as he entered upon them on a contract for the purchase, no rent could be recovered.*

As the intestate sold the land in his life time, delivered the possession and died, in no default for not having performed the residue of his contract, it is a case, in which his administrator has the right in Equity, to the purchase money, and to a remedy in a Court of Equity, to compel the heirs of his intestate—if the case can be proved as clearly against them, as it is between the parties here—to perform the agreement, and the defendant to accept the

*2 Story's Equity 66, 82, 83, 87. Rob'ts on Frauds 148. Sugden on Vendors, 104, 105.

†1 Stew. & Por. 294. 6 Johns. Rep. 46. 2 Taunt. Rep. 145.

performance of it. The right of the administrator to the purchase money, is founded upon the contract of the intestate, which shows he intended to convert his interest in the land, into personal property, and having performed so much of the contract as to acquire a right, had he lived, and been in no default afterward, to a specific execution. The right of the administrator to the remedy in Equity, is the consequence of his equitable right to the purchase money.† *R. H. Haynes & others vs Hall's Executors & others*, in this Court.

* Roberts on Frauds 144.
3 Atk. 1.
2 Story's Eq. 96, 98, 99.

If the heirs refuse to convey the land, the same principle which sustains applications of heirs to a Court of Equity, to compel personal representatives to pay the purchase money of real estate, which had been purchased by testators or intestates, supports the claim of the administrator against the heirs, *to a decree for a specific performance.*

Neither the administrator, nor the heirs of Palmer, have been required by the agreement, to do any act since his death. The condition of the bond describes the land, and it is admitted in the condition, that the notes were given for the purchase money, in pursuance of the agreement between the intestate and the defendant. The effect of this admission is, that the notes were made payable at the times it was agreed between the parties to the contract, the different instalments of the purchase money should be paid. As he did not stipulate in the bond of Going, for a conveyance of the title, until the purchase money should be wholly paid, we must presume that he was not entitled, according to his agreement with the intestate, to such a

conveyance, before the payment of all the money. No other inference can be drawn from the admissions of the parties, than that the possession of the land was delivered by the intestate, and received by the defendant, in part performance of the agreement. The effect of the admissions in the condition of the bond, made by Going, and accepted, by the defendant, is the same against the defendant, as if he also had executed the bond; and these admissions show all the terms of a complete parol contract.

The defendant can have no right to a conveyance of the title, until he pays the whole purchase money, and while his possession is undisturbed, the administrator is in no default for not causing the title to be conveyed to him. As one part of the purchase money was payable before the day agreed upon for conveying the title, an action at law can be maintained for each instalment, without having made or tendered a conveyance of the title.*

*3 Stewart's Rep] 361,

This case is not like one, where an intestate or testator, had made a parol agreement, for the sale of real estate, no part of which was so performed in his life time, as to give him an equitable right to the execution of the agreement. In such a case, the intestate had no right to an action at law, and was without any remedy in Equity, and his administrator would have no such right or remedy.

Here the intestate performed such a part of the agreement, as would entitle him, if he were alive, to the execution of it. But the right to a specific performance, is equitable in its character; and we incline to the opinion, but do not decide, that if the intestate, in his life time, had taken the note in this

case, upon no other consideration than the parol
agreement, and the part performance of it, a recov-
ery upon the note might be prevented. Our statute
of frauds prohibits the maintenance of an action on
such an agreement.  If an action for the purchase
money were brought upon a parol agreement, the
action could not be maintained.  Where a note for
the purchase money had been made, but the agree-
ment remained in parol, and no part of it perform-
ed, these facts, if proved, would show the note to
be without consideration.  Where such an agree-
ment has been partly performed, by the delivery of
the possession of the land to the vendee, who con-
tinued to enjoy it, we do not know it has ever been
decided, that the vendor's equitable right, acquired
by the part performance, is a legal consideration,
for a note for the purchase money, given after such
performance. *                          *7 Johns.
                                        Rep 205.
   But the note in this case, is supported by a legal   15 Ib. 503
consideration in the obligation of Going, who bound   Comyn.
                                        on Con.
himself individually, to convey the title to the de-   314.
fendant.  The defendant, who was in the posses-   2 Stark.
                                        277.
sion of the land, had a right to obtain, upon a suffi-   12 Johns.
cient consideration, a stipulation for the title from   451.
any person, who was competent to contract.

   As to the question which was argued at the bar,
of the right of the plaintiff to maintain the action, we
think it clearly appears the note was given for a debt,
that was equitably owing from the defendant to
the administrator of the intestate, and that the ad-
ministrator took it in his representative character.
If an other person than Going had incurred the ob-
ligation, which supplies the note with a legal con-

sideration, to induce the defendant to give the administrator notes for the purchase money, and they had been made payable to him, the right to actions upon them, after the death of the administrator, would be the administrator's *de bonis non* of the intestate, to whose personal estate they equitably belonged, and to whose administrator in his representative character they were made payable. Between such a case, and the one here, we perceive no difference.

As the note was payable to Going, as administrator, it was not essential to the right of the plaintiff to the action, that it should appear in the declaration, from the time the note had to run after its date, that it was taken upon the sale of such property, as a personal representative may be authorised by an order of a Court, to sell at public auction, upon the credit prescribed by law in such cases. There are many cases in which a personal representative may lawfully take notes for demands existing in favor of the intestate at the time of his death. The evidence shows the note was made for money equitably owing to Going, in his character of administrator of Palmer, payable to the administrator and left uncollected by him. We are therefore of opinion, the action upon the note can be maintained by the administrator *de bonis non.**

*Ala. Rep. 206.

2 Stew. Rep. 133.

We think the Court below, erred in admitting the evidence, and in giving the instructions, which were excepted to.

The judgment is reversed, and the cause remanded.

COLLIER, J. not sitting.