## DAVIS v. WADE.

1. An agreement by D. with W. a contractor for carrying the mail, to carry the United States express mail, on a section of ten miles, twice in twenty-four hours, for twelve months, for seven hundred dollars, to be paid quarterly, on the performance of the service, and to be accountable for any "miss mail," the cause of which occurred on that part of the route, is a dependant covenant.

2. The stipulation on the part of D. to be responsible for the injury arising from his failure to deliver the mail in time, was merely an agreement to set off the damage resulting from such omission against his compensation.

3. The parties did not contemplate by that stipulation any failures but those accidental or casual ones which might arise under good management. If, therefore, such omissions were frequent, there would be a failure on the part of D. to perform his contract, and W. might annul the contract and resume the performance himself.

Error to the Circuit Court of Butler.

Assumpsit by the plaintiff against the defendant in error.

Pleas—non assumpsit, failure of consideration, want of consideration.

On the trial the plaintiff offered in evidence the following agreement between him and the defendant:

*Articles of agreement between Thomas J. D vis of the first part, and James W. Wade of the second part—witnesseth:*
That the said party of the first part agrees to carry the U. S express mail on a part of route No. 41, from Elyton to Montgomery, for which said Wade is contractor, as follows, viz: From Thos J. Walker's, near to Montevallo, to Scott's, on the road towards Montgomery, supposed to be ten miles, and back, once in every twenty-four hours, for twelve months—the service to commence on the first day of October next, always to start immediately, at such times as the mail may be delivered to him at Walker's, from towards Elyton, and at such times as it may be delivered to him at Scott's, from towards Montgomery, to run through from Walker's to Scott's, and from Scott's to Walker's, generally in one hour, and in no case to exceed an hour and a quarter.

And the said party of the first part further agrees to be accountable for any *miss mail*, the cause of which may occur on that part of the route on which he is to convey the mail.

And the said party of the second part agrees to pay said Davis on the completion of the said service, seven hundred dollars, the payment of which he binds himself to make quarterly, the first quarter to be due the first of March next.

In witness whereof, we, the contracting parties, have hereto set our hands, this 18th August, A. D. 1837.

                              THOS. J. DAVIS,
                              JAS. W. WADE,

The evidence on the part of the defendant conduced to show that there were six or seven failures on the part of the plaintiff, jeoparding the mail at both ends of the route, making it difficult, and sometimes impracticable, to deliver the mail in time, and that for these reasons, defendant, about the end of the first quarter, took the carriage of the mail from plaintiff, and dissolved the contract, against the consent of the plaintiff.

The proof also showed that the defendant was subject to be

27

.fined by the Post Master General for failing in the mail, less or more, according to circumstances, and that he had been so fined during the time plaintiff was sub-contractor.

The plaintiff's counsel requested the Court to charge that the agreement contained independent covenants, and that on a failure to comply by plaintiff, the defendant had no right to annul the contract, but could look alone to the stipulated penalty that plaintiff should be accountable in damages for miss-mails. This the Court refused, and instructed the jury that on a failure by plaintiff to comply with his contract, the defendant had a right to annul it, and resume the performance himself. To which the plaintiff excepted.

Judgment having been rendered for defendant, the plaintiff prosecutes this writ, and assigns for error that the Court erred as shown by the bill of exceptions.

ELMORE, for plaintiff in error, cited 1st Porter, 437.
HARRIS, contra.

ORMOND, J.—The substance of this agreement is that the plaintiff in error agreed with the defendant in error, a contractor with the Government for the carriage of the express mail, to carry the mail twelve months between two points, ten miles apart, twice in twenty-four hours, within a time stipulated in the contract, for the sum of seven hundred dollars, to be paid quarterly—and in the event he failed at any time to perform the service within the stipulated time, he agreed to be responsible to the defendant for the injury arising from the failure of the mail.

Construing this agreement according to its evident sense and meaning, and the clear intentions of the parties, the covenants were dependent, and the plaintiff therefore could not recover without the performance of the contract on his part, or an offer to perform it. It is so considered by the plaintiff, who avers that he entered upon the execution of the contract and performed it by carrying the mail, according to his agreement, for five months, and was ready and willing to perform it for the rest of the year, but was prevented from so doing by the defendant.

There is, however, another term in the contract out of which

the controversy in this case arises.   The plaintiff agreed to be responsible for any " *miss   mails*," the cause of which occurred on the part of the mail route on which he was to transport the mail.

We think it cannot be doubted that the meaning of this part of the contract is, that the parties were stipulating for the accidental or casual omission to deliver the mail within the prescribed period—that with the best possible management such failures would occur, when the travel was at the rate of ten ten miles an hour, must have been, and was, foreseen, and such casual omissions were by the agreement provided against by the plaintiff agreeing to be liable to the defendant for the injury resulting to him from such failure.   The ten miles upon which the plaintiff agreed to transport the mail, was only a section of a large route ; a failure, therefore, on this part of the route, to deliver the mail within the prescribed time, would generally cause a failure throughout the entire route, from the difficulty, if not impossibility of increasing the speed of the horses on the residue of the route beyond ten miles an hour. It cannot therefore be presumed that the parties contemplated any thing beyond those accidental or casual omissions to deliver the mail in time which might be expected under good management.

The frequent occurrence of such failures was not contemplated by the parties, and would therefore be a failure on the part of the plaintiff to perform the agreement on his part, which was a condition precedent to his recovery.

The stipulation on the part of the plaintiff to be responsible for the injury arising from his failure to deliver the mail in time, was merely an agreement to set off the damage which might result from such omission against the compensation for carrying the mail, and cannot be construed to confer on the plaintiff a right to continue to carry the mail in a negligent or improper manner, to the probable ruin of the defendant, leaving him to seek redress in another action.

If, therefore, the plaintiff did not comply with the contract on his part, the defendant had a right to resume the performance himself, in the same manner as if the plaintiff had not entered upon the performance.

There was therefore no error in the charge given, or in the refusal to charge as moved for by the plaintiff, and the judgment is therefore affirmed.