## LOGAN v. HODGES.

1. H. in consideration of the promise of L. to pay a certain note due from H. to another person, executes his notes to L. for the same sum. L. commenced suit against H. before the note was paid : *Held*, that the payment of this note was not a condition precedent to be performed before L. could recover on the notes of H.

WRIT of error to the County Court of Sumter county.

Logan sued Hodges before a justice of the peace in ten suits on promissory notes, which were removed into the county court by *certiorari*. There the suits were separately disposed of; and at the trial of this one, upon the pleas of usury and non-assumpsit, the respective statements of the parties, under oath, were suffered to go to the jury without any exception taken on either side. According to the defendant's statement, the notes were entirely for usurious interest; but, by that of the plaintiff, they were given upon the consideration of his assuming to pay a debt due from the defendant to one Glover by note; which debt constituted a lien on certain lands, which the plaintiff had purchased from the defendant, and which the latter had conveyed upon the receipt of 1000 dollars in money, and the cancellation of certain notes which the plaintiff admitted to be for a usurious loan, and in which the usurious interest v·as greatly more than the sum of the notes sued for in these actions. The plaintiff set out, that he had paid and taken up the defendant's note in April, 1843. The record disclosed that this suit was commenced in April, 1842.

On this state of proof, the court charged, (after giving instructions as what verdict ought to be rendered by the jury if they considered the notes as given for usurious interest,) that if the jury believed the note sued on was made by the defendant in consideration that the plaintiff agreed to pay the note of the former to Glover, that it was incumbent on the plaintiff to show, by proof, that he had paid it before bringing this suit. The plaintiff excepted to this charge, and it is now assigned as error.

Boyd, for the plaintiff in error, cited 8 Johns. 39; 10 ib. 412; 18 ib. 12; 9 Cowen, 639.

Hair, *contra.*

GOLDTHWAITE, J.—The charge of the county court to the jury cannot be suaintained. The statement of both the parties was before the jury, as evidence; and no exception having been taken to this course, we must consider it as receiving their assent. If the jury gave credence to the plaintiff, the consideration, then, of the note sued on, was the promise be him to assume, or in other terms, his agreement to pay, the debt due by the defendant to Glover's estate. The payment of this debt by the

plaintiff was not essential in aid of his right to sue upon this note. It is true, the defendant was entitled to his remedy for any injury sustained in consequence of the omission to pay it; but the right to do so previous to commencing the suit, did not impair the plaintiff's right of action.

The mere circumstance that the defendant is, as urged by his counsel, liable for two debts at the same time, where only one benefit has been received, is not so uncommon as to create any exception to general rules of law; and we doubt not a remedy would have been readily found if the plaintiff here had been incapable, by reason of insolvency, of taking up the note to Glover's estate. The cases of Olmstead v. Griesly, [28 Johns. 12], and Farley v. Cleveland, [4 Cowen, 432,] are quite conclusive to show, that the promise by the plaintiff to pay the debt to Glover's estate, was one which could be enforced against him; and, therefore, a sufficient considerasion for the notes given by defendant.

Judgment reversed, and cause remanded.