# Birmingham Railway, Light & Power Company v. Reno.

### Damages for Falling Into Ditch.

(Decided June 3, 1914. 65 South. 787.)

1. *Trial; Question for Court or Jury; Evidence.*—Where there was evidence from which the jury could properly find for plaintiff on the issues of negligence and injury, the court properly denied the affirmative charge to defendant.

2. *Witnesses; Examination; Argumentative Questions.*—Where the action was for injuries to a pedestrian from falling into an unguarded ditch which had been dug to lay gas and sewer mains, and a witness testified that he had talked with plaintiff on the night he was injured, and subsequent thereto, a question to such witness "when you told him all you knew, then he went out and instead of suing the B. R. L. & P. Co., he sued the Southern Asphalt Co.?" was properly disallowed as a mere argument.

.Appeal from Jefferson Circuit Court.

Heard before Hon. C. B. Smith.

Action by W. A. Reno against the Birmingham Railway, Light & Power Company, for damages for personal injury, from falling into an unguarded open ditch. Judgment for plaintiff and defendant appeals. Affirmed.

[Birmingham Railway, Light & Power Company v. Reno.]

TILLMAN, BRADLEY & MORROW and L. C. LEADBEATER, for appellant. Counsel discuss assignments of error, but without citation of authority.

ALLEN & BELL and FRANK S. ANDRESS, for appellee. The question asked the witness was a mere argument and properly disallowed.—*Foxworth v. Brown,* 120 Ala. 59; *Bienville Co. v. Mobile,* 125 Ala. 178; *Steele v. May,* 135 Ala. 483; *Griffin v. Bass F. Co.,* 135 Ala. 490. Under the evidence the court properly declined to give the affirmative charge for defendant.—*Stewart v. Guy,* 138 Ala. 176. There was no error in refusing a new trial. —*A. G. S. v. Hamilton,* 135 Ala. 343.

McCLELLAN, J.—The plaintiff, Reno, while walking at night, in a public street in the city of Birmingham, fell into an unguarded and unlighted ditch, made therein for the purpose of laying gas or sewer mains. At first his action for damages was brought against the Southern Paving & Asphalt Company. And conceiving, after some testimony taken on a trial, that the company was not responsible, he instituted this action against the appellant. That the plaintiff fell into the ditch at the intersection of Seventh avenue and Fourteenth street and suffered injury therefrom are matters conclusively established by the evidence. The chief subjects of appellant's contention on this appeal are these: (a) That the evidence was insufficient to sustain a finding— certainly against the motion for a new trial questioning the sufficiency of the evidence to justify a verdict pronouncing for liability—that the ditch into which appellee fell was excavated by appellant's servants, not by another company; and (b) that the evidence was entirely insufficient to discharge the burden resting on plaintiff to sustain the claim that his fall into the ditch pro-

duced or caused injury to his kidneys, an injury which, if proven and found, was of such a very serious character and consequences as that the jury might have awarded the amount of damages fixed by the verdict, viz., $10,-000. It is clear from the record that the amount of the damages awarded could not be justified on any theory that did not comprehend a finding that the fall into the ditch wrought injury to the kidneys of plaintiff.

The issues stated are questions of fact only. The respective counsel have presented elaborate arguments on them. The record, with these arguments to aid, has been carefully reviewed and considered by the court. The conclusion prevails that no error underlies the finding of the jury in favor of plaintiff on these two issues of fact, nor can error be attributed to the trial court in declining to disturb the verdict on the idea that the jury's conclusions on these issues were opposed to the weight of the evidence bearing thereon. Whether the excavation in question was made by the appellant's servants depended on the consideration of, and influence accorded, circumstances tending to establish the fact of appellant's responsibility for the excavation and on the credibility given the positive testimony of witnesses who testified for and against appellant's agency in the premises.

It was within the jury's function and power, both reasonably exercised, to accept that version of the evidence leading to appellant's responsibility and, given that acceptance, it cannot be said that the jury transcended the bounds of a justifiable finding on the issue of fact. On the other issue the question really presented here is whether there was a failure of proof to establish the asserted injury of plaintiff's kidneys in consequence of the fall into the ditch. Aside from the flat assertion of plaintiff, testifying in his own behalf, that the fall in-

jured his kidneys, the pertinent testimony was afforded by physicians who had examined him. While some of their testimony is couched in phrases that did no more than affirm that the trouble with or in the kidneys was possibly caused by a fall, yet there are other features of their testimony from which the jury could have very reasonably inferred that the fall effected to disarrange the kidneys or their functions. It was the jury's province to solve this issue. The evidence bearing on it is of such character as to afford fair basis for argument against the plaintiff's contention; but argument so justified in presentation, though presented here in most forceful form for appellant, still leaves the judicial mind unable to satisfactorily conclude that the jury erred in finding the fall to have been the producing cause of the disarrangement of the kidneys or of their functions. And unless error could be affirmed in this aspect of the case made by the evidence, there is, under the evidence, no just foundation for a contention that the amount of the verdict is excessive. A discussion of the evidence in this opinion would be without real value. It would be, at most, an argument of no permanent consequence. We, therefore, refrain therefrom. There was, hence, no error in refusing the affirmative charge as to count 3, or that forbidding the awarding of damages as for injury to the kidneys.

The witness Cohen, called by the plaintiff, conducted a store near the place where plaintiff fell. He testified that he talked with plaintiff on the night he was injured and subsequent thereto. On the recross-examination, defendant's counsel propounded this question to him: "When you told him all you knew, then he went out, and instead of suing the B. R., L. & P. Co. [the defendant], he sued the Southern Asphalt Company?"

The question was disallowed on objection. There was no error in this ruling. At that stage of the trial it was

an argument only, and that upon a matter entirely immaterial to any issue raised by the pleadings. That the plaintiff did first sue the Asphalt Company was later admitted on the trial, and its evidential effect, as reflecting upon the plaintiff's testimony tending to show defendant's responsibility for the excavation, was fully before the jury.

According to the apt authority afforded by *Montgomery Ry. Co. v. Smith,* 146 Ala. 320, 325, 39 South. 757, there was no error in overruling the defendant's objection to the question propounded to the witness Donaldson, inaccurately set out in assignment numbered 3.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.