·(96 South. 713)

## MOBILE ELECTRIC CO. v. NELSON.
### (1 Div. 235.)

(Supreme Court of Alabama. May 31, 1923.)

**1. Contracts ⬸173—Mutual promises not independent and conditional unless unconnected.**

Promises which form the consideration·for :each other· are held to be concurrent or dependent, and a failure of performance by one party will discharge the other; the promises being regarded independent and not conditional only if there is no connection in the matter of 'the promises and the performance on the one side is quite independent of the other.

**2. Electricity ⬸11—Complaint for discontinuance of service not demurrable for failure to allege contract.**

A complaint in an action against an electric company for damages for discontinuance of service, which alleged defendant's agreement to furnish electricity to plaintiff's premises, *held* not subject to demurrer on the ground that it failed to allege that defendant was under contract, either express or implied, to furnish electricity to plaintiff.

**3. Electricity ⬸11—Company furnishing current may discontinue on failure to pay or tender amount due.**

Where a customer owes for electric current for which payment is due and fails to make payment or to tender the amount due and for such failure the service is discontinued, the discontinuance of service is not wrongful.

**4. Electricity ⬸11—Complaint for damages for discontinuance of service defective in not alleging payment or tender.**

A complaint, in an action for damages for discontinuance of electric current, which alleged that defendant willfully or wantonly or recklessly disconnected the wire which carried such current, wrongfully depriving plaintiff of such current, did not sufficiently allege a wrongful act or facts showing a wrongful act in discontinuing such service, where further averments disclosed that there was a sum due by plaintiff, that defendant claimed a greater sum was due which it demanded before and at the time of the discontinuance of such service; such complaint not averring performance of plaintiff's duty to pay or tender payment of the amount which he admitted to be due.

**5. Electricity ⬸11—Customer admitting some amount due must tender same in order to predicate damages on discontinuance of service.**

The rule that a company which discontinues to furnish electric current because of a customer's failure to pay therefor, when his liability or the accuracy of the amount claimed is a matter of just dispute between the parties, acts at its peril, is subject to the qualification that when the customer concedes a certain amount to be due he must pay or tender such amount, and failing to do so cannot complain that defendant's discontinuance of service was wrongful.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Charles A. Nelson against the Mobile Electric Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

The amended complaint is as follows:

"First Count. Plaintiff claims of defendant $5,000 as damages for that heretofore on, to wit, March 15, 1921, the defendant was, and for a long time theretofore had been, a public service corporation, engaged in furnishing for compensation electricity for lighting and other purposes to persons in the city of Mobile, Ala., and this defendant had agreed with plaintiff to furnish electricity to plaintiff at his home, known as No. 600½ South Wilkinson street, in the city of Mobile, Ala., and to charge plaintiff therefor at the rate fixed by the Alabama Public Service Commission, and in such capacity as a public service corporation the said defendant, for compensation as aforesaid, had been from, to wit, September 27, 1920, down to and including March 15, 1921, furnishing electricity to the plaintiff at the home of the plaintiff in the city of Mobile, Ala.; that on, to wit, October 27, 1920, the defendant rendered to the plaintiff a bill for such current showing a reading of the electric meter at the plaintiff's said home of 391 K. W. H. as of, to wit, October 26, 1920, and reciting that 11 K. W. H. of electricity had been consumed at said residence between, to wit, September 27, 1920, and, to wit, October 26, 1920, and said bill averred that $1.25, including discount, was due from plaintiff to defendant for such electric current; that on, to wit, November 26, 1920, said defendant presented to plaintiff another bill in which was recited that 14 K. W. H. of such current ·had been consumed at said residence between, to wit, October 26, 1920, and, to wit, November 25, 1920, and said bill recited that $1.40, including discount, was due for said current; that plaintiff paid both of said bills; that thereafter and on, to wit, December 27, 1920, said defendant presented to plaintiff another bill in which was recited that 24 K. W. H. of such current had been consumed at said residence between, to wit, November 25, 1920, and December 26, 1920, and the said bill recited that $2.40, including discount, was due for such current; and that on, to wit, January 27, 1921, said defendant presented to plaintiff another bill in which was recited that 25 K. W. H. of such current had been consumed at said residence between, to wit, December 27, 1920, and, to wit, January 26, 1921, and said bill recited that $2.50, including discount, was due for such current. so that said bill recited that on said date of, to wit, January 26, 1921, the said meter read 454 K. W. H. And plaintiff avers that on, to wit, February 25, 1921, the defendant presented to plaintiff another bill, in which was recited that· no K. W. H. of current had been consumed between the dates of, to wit, January 26, 1921, and, to wit, February 24, 1921, and recited that the meter still read 454, but further recited that $1.25, including discount, was due by plaintiff to defendant for services during, to wit, said period; and plaintiff avers that he (the plaintiff) did not pay the bills for service rendered after, to wit, November 26, 1920, in that said bills were erroneous, in that the sums mentioned therein as

⬸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

due by plaintiff to defendant were in excess of the amounts in fact due by plaintiff to defendant, but that the plaintiff continued to use the electric current furnished to him by the defendant down to, to wit, March 15, 1921, and that on, to wit, March 15, 1921, the said meter read only, to wit, 451, whereas the bill presented to plaintiff on, to wit, January 26, 1921, recited that the meter read on, to wit, January 26. 1921, 454, and the bill presented to plaintiff on, to wit February 25, 1921, also recited that on, to wit February 25, 1921, the said meter, then, to wit, on February 24, 1921, read 454, and plaintiff avers that he, the plaintiff, knew from said bills at, to wit, the times when they were so presented to him by the defendant that they were incorrect; and plaintiff avers that the said bills were incorrect, as above stated: and plaintiff avers that he refused to pay the said erroneous bills and notified defendant that he had not used the amount of current for which defendant demanded payment, and that on, to wit, March 15, 1921, the defendant, through its agents and servants, acting within the line and scope of their authority as such agents and servants, and in violation of its duty to plaintiff, did wantonly and recklessly cut off the current from the plaintiff's said residence, and did thereby deprive him of the use of said current, and that the defendant has not, prior to the bringing of this suit, and since the said current was cut off as aforesaid, again furnished said current to the plaintiff's said residence, and plaintiff avers that by the said wrongful act of the said defendant in depriving him of said current as aforesaid, he was forced to forego the use of electricity in his said home, to which electric current he was of right in law entitled; that the Alabama Public Service Commission had theretofore fixed the rate which was chargeable by the said defendant to a certain class of patrons of the defendant, of which class the plaintiff was a member, and that the defendant was not entitled to charge the plaintiff a greater sum than was so fixed by that said Commission, and that the defendant was also in duty bound to the plaintiff to furnish to plaintiff correct bills, but that the defendant breached said duty as aforesaid, and as a proximate consequence of the said wrongful act of defendant in cutting off the current as aforesaid, and in depriving the plaintiff of the use thereof, the plaintiff was put to much inconvenience, and was forced to purchase, at his own expense, other means of obtaining light at night, all to the plaintiff's damage in the said sum of $5,000, wherefore he sues.

"Second Count. Plaintiff claims of defendant $5,000 damages for that heretofore on, to wit, March 16, 1921, the defendant was a public service corporation, engaged in furnishing electricity to persons in the city of Mobile, Ala., for compensation, and this defendant had agreed with plaintiff to furnish electricity to plaintiff at his home, known as No. 600½ South Wilkinson street, in the city of Mobile, Ala., and to charge plaintiff therefor at the rate fixed by the Alabama Public Service Commission, and, pursuant to such agreement and its duty in the premises, defendant furnished electric current to the plaintiff, and plaintiff avers that on, to wit, March 16, 1921, defendant demanded of the plaintiff that the plaintiff pay to the defendant the sum of, to wit, $5.90 for electric current which had been so furnished to plaintiff by defendant; but plaintiff avers that the said sum exceeded the amount which plaintiff then owed to the said defendant for electric current which he had consumed, in the sum of, to wit, $2.50, and plaintiff avers that because the plaintiff would not pay to the defendant the said sum of $5.90 the defendant, by its agents or servants, acting within the line and scope of their authority as such servants or agents, and in violation of defendant's duty to plaintiff, willfully or wantonly and recklessly disconnected the wire which carried the said current into the home of the plaintiff, and the defendant has not restored service to the plaintiff, and as a proximate consequence of the said willful or wanton and reckless act the plaintiff lost the use of electricity in his home, and was forced thereby to purchase and use for lighting purposes, to wit, candles, oil, and lamps; and was put to much humiliation and suffered much mental anguish, all to his damage in the sum of $5,000."

The complaint was further amended by striking out of each count the words "rate fixed by the Alabama Public Service Commission," and inserting in lieu thereof the words "regular published schedule of the company."

Defendant interposed the following grounds of demurrer to each count of the complaint as amended:

"(1) Because said count fails to allege that the contract or agreement, on the part of the defendant, to furnish electricity was made with the plaintiff, or in behalf of the plaintiff.

"(2) Because said count fails to allege that the defendant was under contract, either expressed or implied, to furnish electricity to the plaintiff.

"(3) Because said count fails to allege that the said electricity was wrongfully cut out by the defendant.

"(4) Because said count shows on its face that the said electricity was rightfully cut out by the defendant.

"(5) Because said count shows on its face that the plaintiff had failed to pay his bill for electric current consumed by him, and that the defendant had rightfully cut out the said electricity.

"(6) Because said count shows on its face that the plaintiff was indebted to the defendant for electricity consumed by him, and that he failed to pay, or tender the amount due by him for electricity so consumed by him, and that the defendant had the right to cut out said electricity by reason of the failure of the plaintiff to pay, or tender the correct amount due for electricity consumed by him."

Special plea 3 reads as follows:

"(3) That the contract made by the defendant with the plaintiff contained the following provision: 'The undersigned further expressly gives the company authority to discontinue its service if any bill is not paid within ten days from its maturity, whether demand has been made therefor or not, and further agrees that upon the issuance of any cut-off order by the company on account of nonpayment of bills, this contract shall cease and determine, and no

payment thereafter shall operate as a renewal of this contract. but a reconnection at the request of the undersigned shall operate as such a renewal.

"And the defendant avers that the undersigned referred to in said contract was the plaintiff, and the company referred to was the defendant. And the defendant further avers, that prior to the time the service was discontinued by the defendant, the plaintiff was indebted to defendant for the use of electric current in the sum of about, to wit, $4.92, and the same remaining delinquent for more than 10 days the defendant discontinued the service."

Inge & Bates, of Mobile, for appellant.

In an action against a public service company for failure to serve an applicant entitled to service, it is necessary to allege that the plaintiff had performed all reasonable conditions precedent entitling him to service, including the payment of accrued bills or a tender thereof. B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 South. 565; Hodge v. Ala. Water Co., 205 Ala. 472, 88 South. 585; B. R., L. & P. Co. v. Abbott, 6 Ala. App. 643, 60 South. 970; Arnold v. Ala. Power Co., 206 Ala. 506, 90 South. 909; B. R., L. & P. Co. v. Pratt & McCurdy, 10 Ala. App. 273, 64 South. 510; B. R., L. & P. Co. v. Pratt & McCurdy, 187 Ala. 511, 65 South. 533, L. R. A. 1915A, 1208. Where a customer of a public service corporation has made a deposit to guarantee payment of bill and return of meter, the customer cannot demand that the deposit be used to pay his bill so long as the service continues. Arnold v. Ala. Power Co., supra. Where bona fide dispute exists between customer and public service corporation as to amount of bill, in order to save the service the customer must pay the bill and sue for its recovery, if unjust in law and in fact, or invoke the equity jurisdiction of the court pending a judicial determination of the matter in dispute, offering to pay the sum the court may ascertain to be due. Sims v. Alabama Water Co., 205 Ala. 378, 87 South. 688; B. R., L. & P. Co. v. Coleman, 181 Ala. 478, 61 South. 890; L. & N. R. Co. v. Bizzell, 131 Ala. 429, 30 South. 777; Coleman v. Pepper, 159 Ala. 310, 49 South. 310; Birmingham Waterworks Co. v. Keiley, 2 Ala. App. 629, 56 South. 838; Cox v. B. R., L. & P. Co., 163 Ala. 170, 50 South. 975; Meighan v. Birmingham Terminal Co., 165 Ala. 591, 51 South. 775; Western U. Tel. Co. v. Westmoreland, 151 Ala. 319, 44 South. 382.

R. H. & R. M. Smith, of Mobile, for appellee.

A public service corporation owes a duty to serve the public, and this duty is independent of contract. B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 South. 565; L. & N. R. Co. v. Hine, 121 Ala. 234, 25 South. 857; Moseley v. Wilkinson, 24 Ala. 411 (see 201 Ala. 141, 77 South. 574); 38 Cyc. 428; 26 R. C. L. 592; 20 Cyc. 1164; B. R., L. & P. Co. v. Adams, 146 Ala. 267, 40 South. 385, 119 Am. St. Rep. 27. In an action in case, it is not necessary for the complaint to state the terms of the contract or to state specifically the duties due to the injured party; when facts are averred from which the duty springs or the relationship is alleged, the duties will be inferred without being specially pleaded. B. R., L. & P. Co. v. Adams, supra; A. C. G. & A. R. Co. v. Sampley, 169 Ala. 372, 53 South. 142; C. of Ga. v. Carleton, 163 Ala. 62, 51 South. 27; L. & N. R. Co. v. Perkins, 152 Ala. 133, 44 South. 602; B. R., L. & P. Co. v. Moore, 148 Ala. 115, 42 South. 1024; 10 C. J. 1001. If the electric current is to be or may be consumed before the price is to be paid therefor, the covenants to serve and to pay therefor are each independent. Maull v. Eiland, 83 Ala. 314, 3 South. 688; 13 C. J. 569. Plaintiff need not allege the performance by him of independent stipulations which he is obliged to perform. 13 C. J. 567; Long v. Addix, 184 Ala. 236, 63 South. 982; Maull v. Eiland, supra.

THOMAS, J. The suit is against a public service corporation for damages caused by cutting off electric current from plaintiff's residence, to which current had been theretofore furnished by defendant.

The trial was upon counts 1 and 2 as last amended, pleas of the general issue (1 and 2), and special plea setting out provisions of the contract for the service, which, it is averred, authorized the defendant to cut out current for cause averred in the plea.

Defendant filed several grounds of demurrer to said counts that were overruled. It is insisted that the demurrer should have been sustained, whether the nature of the counts was that of breach of *contract*, or the breach of *duty* to plaintiff by the public service corporation charged therewith to plaintiff as a part of the general public.

In B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 145, 77 South. 565, the question for decision was raised by demurrer to a count that was in case against a public service corporation furnishing, for a reward in a given community under a franchise from the city, electric lighting, etc., and for the refusal to furnish the same to a resident of that city "where no special contract between the plaintiff and the defendant corporation is alleged," etc. The decision proceeded on the assumption that the refusal to serve was to an applicant entitled to service, and of such a count it was held that in an action against a public service company for *failure to serve an applicant entitled to service*, it is necessary to allege: (1) That the defendant was engaged in the discharge of a public service; (2) that the plaintiff came within the class of people whom the defendant was bound to serve; (3) that the plaintiff had performed all reasonable conditions precedent entitling him to that serv-

ice; (4) that the defendant wrongfully refused to furnish the service; and (5) that the plaintiff had thereby been damaged. It will be noted that Littleton's Case was not for a breach of duty in the *discontinuance of service* to a consumer of such company; nor was it founded upon the breach of a contract between a public service corporation and the consumer as a resident of the municipality in question; but was for the breach of duty in *failing to give* the service on due application therefor, etc.

In the case of Arnold v. Ala. Power Co., 206 Ala. 506, 90 South. 909, the suit was for a breach of contract by a public service corporation to *continue* to furnish service to a resident of the city. The contract exhibited contained provisions for an advance charge or deposit with the company, and for an additional deposit by the consumer from time to time as might be reasonable or necessary for the protection of the company; that such deposit should in no way affect the company's right; and it was averred in the complaint that at any time the consumer failed or refused to pay the bills for service or materials furnished within the specified time after rendition of the same, the company may discontinue the service on the notice provided in the contract. The holding was that the trial court had properly sustained demurrer to the complaint for failure to aver facts showing that plaintiff was not in default in the payment for *service theretofore rendered*, and continued the averment "that the defendant had wrongfully refused to extend, continue, or furnish its service without full compliance on plaintiff's part *by payment of the accrued bill in question.*" A reference to the complaint in Arnold's Case shows that plaintiff's effort was to have applied to the accrued bills due by him for current the amount of the "cash deposit of $2.50" required by the contract made with him, as a prospective consumer, before service connection was made by defendant to plaintiff's premises; and which deposit (per *contract*) was subject to several options of the public service corporation, one of which was that the company may apply the same upon any unpaid bills against the consumer for service or material. As to the *accrued bill*, the subject dealt with in Arnold v. Ala. Power Co., supra, it was averred that plaintiff "did owe defendant * * * one bill which was due; * * * for service rendered by defendants to plaintiff during April, 1919; that it amounted to only $160"; and it was averred that it was the duty of defendant to apply enough of the $2.50 (service deposit required by contract) as may be required to liquidate the amount of the accrued bill of $1.60. The amount treated in Arnold's Case as due, or as an "accrued or past-due bill," was not an unascertained amount for service done or cur-

rent furnished during a period for which the meter had not been read by the company and notice directed to or given by the company to the consumer, as provided in the contract. It is true that in Arnold's Case, declaring for a breach of contract in the discontinuance of service to a consumer for nonpayment of an accrued bill, there was adverted to the general duty of a public service corporation as defined in B. R., L. & P. Co. v. Littleton, supra. In each of these cases, the duty to pay an accrued bill, or service charge, was treated as a condition precedent to a continuance or installation of service.

In a decision subsequent to B. R., L. & P. Co. v. Littleton, supra, it was declared, as to the duty to pay the flat rate for water, that where a bona fide dispute exists between a public service corporation (a water company) and the customer as to the amount of the accrued account for service (caused by reason of connections of other consumers to plaintiff's service pipe), in order to secure the continuance of service "the customer" must pay the amount demanded by the company and sue for its recovery if an unjust amount in law and in fact has been exacted; or that customer may invoke equity jurisdiction to maintain the status quo, pending a judicial determination of the matter in dispute, and in which event must offer in his pleadings to pay such sum as the court may ascertain to be due. Sims v. Alabama Water Co., 205 Ala. 378, 87 South. 688. However, it should be noted that the further observation is contained in the Sims Case, supra:

"* * * This does not militate at all against the proposition, sound also, that where the company discontinues its service in any case of dispute it does so at its peril, and, if in the wrong, is liable to compensatory damages in any event, and, when the circumstances justify it, to punitive damages also, as stated by the Court of Appeals in Birmingham Waterworks Co. v. Keiley, 2 Ala. App. 639, 56 South. 858, and Birmingham Waterworks Co. v. Davis, 16 Ala. App. 333, 77 South. 927, cases cited by appellant. In the case at hand appellant's entire contention, apart from the question of notice, to which we will advert later on, was that appellee had no right to cut off her water supply in order to collect dues from another tenant in the circumstances already stated."

See Birmingham Water Works Co. v. Windham, 190 Ala. 634, 67 South. 424.

Are the averments of the instant counts such as to show that the defendant wrongfully discontinued the current; that is to say, if plaintiff's duty was to pay for the service concurrent with its periodic use as indicated, and that the extension of service was dependent thereon and not independent thereof? In answer of this inquiry raised by the demurrer, and thoroughly argued by counsel, it will be noted that it is alleged

in the complaint, or appropriate count thereof, that by the "wrongful act of the said defendant in depriving him (plaintiff) of said current as aforesaid," and "that the defendant breached *said duty as aforesaid* and as a proximate consequence of the said wrongful act of defendant in cutting off the current *as aforesaid*," etc.; which latter reference was to the averment that as "a public service corporation engaged in furnishing for compensation electricity for lighting, etc., and this defendant had agreed with plaintiff to furnish electricity to plaintiff at his home  \* \* \* and to charge therefor at the rate fixed."

[1] On the subject before us it has been stated generally that if there is no connection in the matter of the promise, and the performance on the one side is quite independent of the other, the promises are in general independent and not conditional. Mullins v. Cabiness, Minor, 21; Weaver, Adm'r, v. Childress, 3 Stew. 361; Jones v. Sommerville, 1 Port. 437, 464, 465; Hays v Hall, 4 Port. 374, 30 Am. Dec. 530; White v. Beard, 5 Port. 94, 30 Am. Dec. 552; Logan v. Hodges, 6 Ala. 699; Fulenwider v. Rowan, 136 Ala. 287, 309, 34 South. 975. Where by the terms of the contract the time to perform the covenant on the one side is to arrive, or may arrive, before the time for the performance of the covenant on the other side, the former is not dependent on the latter. However, the present tendency of the courts generally, and in this jurisdiction, is against the construction of promises as independent covenants, in the absence of language to the contrary, in the contract, and that promises which form the consideration for each other are held to be concurrent or dependent, and a failure of one party to perform will discharge the other (in the absence of special circumstances not here necessary to be discussed), and the one cannot maintain an action against the other without averring and proving performance or a tender of performance on his part. Davis v. Wade, 4 Ala. 208; Taylor v. Rhea, Minor, 414; Drake v. Goree, 22 Ala. 409; B. R., L. & P. Co. v. Pratt & McCurdy, 187 Ala. 516, 65 South. 787; Id., 10 Ala. App. 273, 64 South. 510; Home Guano Co. v. Inter. Agr. Corp., 204 Ala. 274, 85 South. 713; J. C. Lysle Mill. Co. v. North. Ala. Gro. Co., 201 Ala. 222, 223, 77 South. 748; Dowling-Martin Gro. Co. v. J. C. Lysle Mill. Co., 203 Ala. 491, 83 South. 486; Terrell v. Nelson, 177 Ala. 596, 58 South. 989; Terrell v. Nelson, 199 Ala. 436, 74 South. 929, 931; Elliott v. Howison, 146 Ala. 568, 583, 40 South. 1018; McAllister-Coman Co. v. Matthews, 167 Ala. 361, 52 South. 416, 140 Am. St. Rep. 43; Moss v. King et al., 186 Ala. 475, 481, 65 South. 180; Saunders v. McDonough et al., 191 Ala. 119, 134, 67 South. 591; Wise v. Sparks, 198 Ala. 96, 73 South. 394; Ollinger

& Bruce Dry Dock Co. v. James Gibbony & Co., 202 Ala. 516, 81 South. 18; McGehee v. Hill, 4 Port. 170, 176, 29 Am. Dec. 277; Davis v. Adams, 18 Ala. 264.

[2] The counts allege that there was an "agreement" on the part of defendant to furnish electricity to plaintiff's premises specifically indicated, the averment being "defendant had agreed with plaintiff to furnish electricity to plaintiff at his home." When this is taken in connection with the other averments of the complaint, as it must be (Ala. Power Co. v. Stogner [Ala. Sup.] 95 South. 151,[1] the effect is that the agreement "was made with the plaintiff or in behalf of the plaintiff." The counts were not subject to the ground of demurrer assigned that they fail to allege that the "defendant was under contract, either express or implied, to furnish electricity to plaintiff," etc., and the first and second grounds of demurrer are not well taken.

Considering the counts as not declaring for the breach of contract, but as we believe them to be in case for the tort or breach of the duty owed to plaintiff by a public service corporation to serve the public in the municipality wherein it did such commercial business and plaintiff was a resident and his home was situated in such municipality, are the grounds of demurrer (3 to 6, inclusive), directed thereto, well assigned? The questions thus presented have been considered in B. R., L. & P. Co. v. Littleton, supra, a refusal or failure of service of electricity; B. R., L. & P. Co. v. Pratt & McCurdy, 187 Ala. 511, 65 South. 533, L. R. A. 1915A, 1208, a discontinuance of gas service; Sims v. Ala. Power Co., 205 Ala. 378, 87 South. 688, a discontinuance of service of water; Arnold v. Ala. Power Co., 206 Ala. 506, 90 South. 909, 910, a discontinuance of service of electricity.

[3, 4] If plaintiff "owed" for electric current for which payment was due and failed to make payment, or to tender the amount due, and for such failure the service was discontinued, the defendant did not *wrongfully* discontinue the service. It is true it is averred, as we have indicated, in the second count, that in violation of defendant's duty to plaintiff, defendant willfully or wantonly or recklessly disconnected the wire which carried the said current into the home of plaintiff, etc.; and in count 1 is contained the averment that said wrongful act of the said defendant in "depriving him (plaintiff) of said current as aforesaid," etc. Such averments are not the equivalent of the averment of a *wrongful act* or facts showing the *wrongful act* in discontinuing the service to plaintiff's residence and home that deprived him of electric current to which he was entitled.

---

[1] 208 Ala. 666.

The counts are couched in such terms as to sufficiently allege that there was a debt due and in default, to the extent of the amount admitted by plaintiff, though it is further averred that a different sum was claimed and demanded by the defendant as due and payable before and at the time of the discontinuance of the service. Plaintiff's duty to pay, or offer to pay, the amount admitted to be due, was a condition precedent to the continuance of the service, and such being the averred fact, and the failure on plaintiff's part, gave the right of discontinuance of the service, not as a conditional limitation on the term in the nature of a condition subsequent. The cases of B. R., L. & P. Co. v. Pratt & McCurdy, supra, and Davis v. Wade, 4 Ala. 208. bear strong analogy to the instant question. The last-stated grounds of demurrer were well assigned and should have been sustained by the trial court. Thus reversible error intervened on the trial.

[5] We do not question the soundness of the general rule in the note to Mansfield v. Humphreys, 19 Ann. Cas. page 848, referred to and .approved in the case of Sims v. Ala. Water Co., 205 Ala. 378, 87 South. 688, to the effect that when the company shuts off the water supply because of a failure of the customer to pay the claim for rent, where the consumer's liability, or the accuracy of the amount claimed, is a matter of just dispute between the parties, it does so at its peril. This rule, however, like most others, has exceptions or qualifications, and does not afford a basis for damages, when the customer conceded a certain amount to be due and failed to offer or tender same before the supply was cut off. If he owed nothing or if the charge was excessive and he did not know just what was due, he can complain of the cutting off of the supply before a reasonable opportunity is offered to adjust the difference; but if he knows what was due, he must have offered to pay or tender same as a condition precedent to recover damages for having the same cut off. The complainant in the case at bar admits or concedes a certain amount due the defendant, which said sum should have been offered when the bill was demanded.

There were exceptions taken to instructions in the oral charge as to punitive damages. An examination of the entire charge relating to punitive damages discloses no error for reason first urged by appellant, though it was stated that the "plaintiff would have a right to recover" of the defendant under the second count of the complaint "what is called at law, punitive or vindictive or exemplary damages." That is to say, that when the whole charge on the instant point is considered, and as referred to the second count, the jury was merely in-

structed that the count was sufficient in averment, and under the evidence supporting it, to authorize, under the discretionary power of the jury, the imposition of punitive damages. The rules of this court relating to instructions as to punitive damages when no malice is shown need not be repeated. Coleman v. Pepper, 159 Ala. 310, 313, 49 South. 310; Cox v. B. R., L. & P. Co., 163 Ala. 170, 172, 50 South. 975; Comer v. Advertiser Co., 201 Ala. 159, 77 South. 685; Parisian Co. v. Williams, 203 Ala. 378, 83 South. 122; First Nat. Bank v. Stewart, 204 Ala. 199, 85 South. 529, 13 A. L. R. 302. On another trial the court will instruct the jury in accord with the announcement of punitive or vindictive damages contained in Wilkinson v. Searcy, 76 Ala. 176, 180, 181; Howton v. Mathias, 197 Ala. 457, 463, 73 South. 92; Jones v. Woodward Iron Co., 203 Ala. 66, 82 South. 26; Cook v. South. Ry. Co., 153 Ala. 118, 45 South. 156; S. A. L. R. Co. v. Standifer, 190 Ala. 260, 67 South. 391.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

All the Justices concur.