(104 So. 407)

## NELSON v. MOBILE ELECTRIC CO.
### (1 Div. 352.)

(Supreme Court of Alabama.   May 14, 1925.)

1. **Electricity ⊙⇒11—Consumer failing to avail himself of opportunity to adjust differences cannot complain of cutting off of supply.**

Where consumer has reasonable opportunity to adjust differences with company, after several excessive bills for electric current had been presented, but failed to do so he cannot complain because company cut off his supply of electricity.

2. **Electricity ⊙⇒11—Counts in complaint for discontinuance of supply held defective in failing to allege tender of amount due.**

In action for discontinuance of electric current, where it affirmatively appeared from allegations in counts that consumer had reasonable opportunity to adjust differences, after bills for excessive charges were presented, but failed to do so, held, that counts were defective in failing to allege that consumer ascertained correct amount due and that he paid or tendered such correct amount to company, before current was cut off from his residence.

3. **Electricity ⊙⇒11—Counts in complaint for discontinuance of supply held not demurrable as showing plaintiff had opportunity to adjust differences.**

In action for discontinuance of electric current, counts alleging that excessive charges were made on same day that current was cut off, and that plaintiff did not know what amount was due, but that he was ready, willing, and able to pay right amount, held not demurrable as affirmatively showing that plaintiff had reasonable opportunity to adjust differences after he was notified of excessive amount and before supply was cut off.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action for damages by Charles Nelson against the Mobile Electric Company for cutting off electricity. Plaintiff took a nonsuit after adverse rulings on demurrers to the complaint, and appeals from the judgment. Reversed, rendered, and remanded.

R. H. & R. M. Smith, of Mobile, for appellant.

Tender was excused by failure of appellee to render correct bills. 13 C. J. 564; 1 Wyman on Pub. Serv. Corp. 376; 38 Cyc. 136; Meaher v. Howes (Me.) 10 A. 460; Roby v. Skinner, 34 Me. 270. If plaintiff owed nothing, or the charge was excessive, he may complain of the cutting off of current without allowing him a reasonable opportunity to adjust the difference. Mobile Elec. Co. v. Nelson, 209 Ala. 554, 96 So. 713; Louisville Tob. W. H. v. Louisville Water Co., 162 Ky. 478, 172 S. W. 928.

Inge & Bates, of Mobile, for appellee.

It was necessary that plaintiff allege performance of all conditions entitling him to service. Sims v. Ala. Water Co., 205 Ala. 378, 87 So. 688, 28 A. L. R. 461; Arnold v. Ala. Power Co., 206 Ala. 506, 90 So. 909; B. R., L. & P. Co. v. Littleton, 201 Ala. 141, 77 So. 565; B. R., L. & P. Co. v. Pratt & McCurdy, 10 Ala. App. 273, 64 So. 510; Id., 187 Ala. 511, 65 So. 533, L. R. A. 1915A, 1208.

MILLER, J. This is a complaint in tort by Charles Nelson against the Mobile Electric Company, a corporation, for breach of duty owed plaintiff by the defendant. There are four counts in the complaint as last amended. The defendant is charged in each with wrongfully discontinuing the electric service in plaintiff's residence. The court sustained demurrers of defendant to each count of the complaint as last amended, and from these adverse rulings against plaintiff, he takes a nonsuit, which was granted by the court. This appeal is prosecuted by the plaintiff from that judgment, and those rulings of the court sustaining demurrers of defendant to counts 1, 2, 3, and 4 of the complaint as last amended are the errors assigned and argued.

This case, on demurrers to the complaint, has been in this court before on appeal. Mobile Electric Co. v. Nelson, 209 Ala. 554, 96 So. 713.

It appears from the averments of each count of this complaint as amended that the defendant is a public service corporation, that it owed the plaintiff the duty to furnish it with electricity, that it installed a meter at his residence for measuring the current consumed, and that the service was furnished him by defendant from February, 1920, to the 16th of March, 1921, when it was discontinued by the defendant.

Counts 1 and 3 as amended allege the bills were rendered for the service monthly according to the amount of electricity used, and were paid by the plaintiff down to November 26, 1920. The defendant rendered on December 27, 1920, to plaintiff a bill for $2.40 for 24 k. w. h. of current used by him from November 26, 1920, to December 26, 1920, and on January 27, 1921, defendant rendered a bill to plaintiff for $2.50 for 25 k. w. h. of current used by him between December 27, 1920, and January 26, 1921; and on February 25, 1921, defendant presented plaintiff with bill for $1.25 for services rendered between January 26th and February 24, 1921. No part of these three bills for services rendered and current consumed by him between November 26, 1920, and February 25, 1921, was ever tendered or paid to defendant by the plaintiff, because as these counts allege they were not correct, were in excess of the amounts in fact due by plaintiff to the defendant. These two counts allege plaintiff did not know just what was the exact amount due for the three months or either of the three months mentioned, but that the charges for each of the three months were excessive, and that he was ready, willing, and able at all times to pay the correct amount due, and the defendant wrongfully discontinued the service on March 16, 1921.

This court correctly declared the law applicable to the facts alleged in this case on former appeal, and we quote a part of it pertinent here:

"If he [plaintiff] owed nothing or if the charge was excessive and he did not know just what was due, he can complain of the cutting off of the supply before a reasonable opportunity is offered to adjust the difference; but if he knows what was due, he must have offered to pay or tender same as a condition precedent to recover damages for having the same cut off." Mobile Electric Co. v. Nelson, 209 Ala. 554, 96 So. 713.

The real and only question presented by the demurrers to these counts, 1 and 3, is whether the plaintiff, after any one of these three unpaid bills had been presented to him by the defendant, had a reasonable opportunity before March 16, 1921, when the current was cut off from his residence, to adjust the accounts, to find out the correct amount due, and pay or tender it to the defendant. He avers the bills were presented —one on December 27, 1920, one on January 27, 1921, and one on February 25, 1921. The plaintiff had from December 27, 1920, to March 16, 1921, to adjust, find out, pay, or tender the correct amount due by the first bill; from January 27, 1921, to March 16, 1921, for the second bill; and from February 25, 1921, to March 16, 1921, for the third and last bill. Was this a reasonable opportunity or time? The meter which registered the correct amount was at his residence, and the defendant was in its city. He alleges the defendant knew the latter part of February, 1921, the exact amount the meter measured and that he did not know it until after the current had been cut off; but before the meter was removed the "meter was read by an experienced meter reader who informed plaintiff of the true reading of said meter." It appears from these counts that the meter in or near plaintiff's residence registered the

true amount of current consumed by plaintiff from November 26, 1920, to February 24, 1921, for which bills were rendered. It showed the true debt due by plaintiff to the defendant for service during that time. Did the plaintiff, after the presentation of any one or all of the three bills, have a reasonable opportunity or a reasonable time within which to adjust the difference between him and defendant, to find out and pay or tender the true amount due, before March 16, 1921, when the current was cut off? What is a reasonable opportunity, reasonable time, when no time is fixed by the parties? It "depends materially upon the nature of the duty to be performed, the relations of the parties, and the peculiar circumstances of the particular case." Cotton v. Cotton, 75 Ala. 345; Erswell v. Ford, 205 Ala. 496, 88 So. 429. "What is a reasonable time, is sometimes a question of fact, and sometimes a question of law. * * * When it depends upon undisputed extrinsic facts, it is matter of 'law." Cotton v. Cotton, 75 Ala. 345; Erswell v. Ford, 205 Ala. 496, 88 So. 429.

Under demurrer the facts averred in the counts are undisputed, and it is thus rendered necessary for the court to decide if plaintiff had a reasonable time after these bills were presented to adjust the differences, find out the correct amount due, pay or tender it to the defendant, before the current was cut off on March 16, 1921.

[1, 2] The plaintiff admits it owed a part of each bill presented, but he did not know just what was due on each; that each bill was excessive. The meter registered the exact amount from which could be easily calculated the exact amount due for current for the time mentioned in each bill. This meter was close to plaintiff's house, near or in the yard of his residence. He had from February 25, 1921, when the last bill was presented, until March 16, 1921, when the current was cut off, within which to adjust all the differences between him and defendant on the three bills, to ascertain the correct amount due by him to the defendant, and pay or tender it to the defendant. He had from December 27, 1920, on the first bill, and from January 26, 1921, on the second bill, and from February 25, 1921, on the third bill, to March 16, 1921. The plaintiff cannot justly complain of the defendant cutting off his supply of electricity on March 16, 1921, because it affirmatively appears from the averments in each of these two counts that he had a reasonable opportunity under the peculiar circumstances of this case to adjust the differences between him and the defendant, which he failed to do after the bills were presented and before the electric current was cut off from his residence. This being true, these counts are defective in failing to allege that the plaintiff ascertained the correct amount due defendant from November 26, 1920, to February 25, 1921, after the three respective bills for excessive charges were presented, and that he paid or tendered this correct amount to the defendant before the current was cut off from his residence. Authorities, supra.

It results that we must and do hold that the court properly sustained the demurrers of the defendant to counts 1 and 3 of the complaint as last amended.

[3] Counts 2 and 4 of the amended complaint are strikingly different in some respects from the averments in counts 1 and 3. These counts (2 and 4) allege defendant on, to wit, March 16, 1921, demanded of plaintiff the sum of $5.90 for electric current furnished, which he considered excessive; that he did not know just what amount was due; that he was ready, willing, and able to pay the right amount due; and defendant wrongfully, etc., disconnected the wires at his home on, to wit, March 16, 1921. These counts do not aver bills for this incorrect, excessive amount were previously rendered to him in December, 1920, January and February, 1921, as the other counts; but they allege the demand was made for the excessive amount on, to wit, March 16, 1921, and on the same day the current was cut off from his residence. Under the averments of these counts, it does not affirmatively appear that the plaintiff had a reasonable opportunity to adjust the differences between him and defendant after he was notified of the excessive amount claimed of him by the defendant and before the defendant cut off the supply of electricity. The current was cut off on the same day, to wit, March 16, 1921, that he was informed of the excessive amount demanded of the defendant. Under these counts the amount claimed was excessive, and the plaintiff did not know just what was due; defendant cutting off his supply of electricity before he was given a reasonable opportunity to adjust the difference between him and the defendant. It appears, and we hold, the court erred in sustaining demurrers of defendant to counts 2 and 4 of the complaint as last amended. Authorities, supra.

For the errors mentioned, the judgment is reversed, one is here rendered overruling the demurrers to counts 2 and 4, and the case is remanded and restored to the docket of the trial court.

Reversed, rendered, and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.