# Spencer *v*. Bessemer Water Works.

*Action Against Water Works Company to Recover Damages for Failure to Supply Water.*

[DECIDED FEB. 16, 1905, 39 So. REP. 91.]

1. *Action Against Water Works Company; What Necessary to Maintain Suit.*—In order to maintain a suit against a water works company engaged in the business of furnishing water

to the citizens of a town, to recover damages from alleged breach of duty by the defendant in failing to supply water for his use in and about the carrying on of his business, an allegation in the complaint of a duty alone, on the part of the defendant to supply water to plaintiff, is not sufficient; but there must be an allegation of facts sufficient to create the duty or obligation, the breach of which is complained of, and if there is a contract, it must be averred that there was a consideration paid, and that such contract was existing at the time complained of, and was binding upon the parties at the time the defendant failed or refused to supply the water.

APPEAL from Bessemer City Court.

Heard before the Hon. B. C. JONES.

This was an action brought by appellant, C. H. Spencer, against the Bessemer Water Works Company for damages for an alleged breach of duty by the defendant in failing to supply defendant with water for use in carrying on his business as a florist. The complaint as originally filed contained two counts. The substance of the first count is sufficiently stated in the opinion. The second count was in words and figures as follows: "2. Plaintiff adopts and makes a part of this count all of the first count down to and including the words, 'And for other purposes in and about his said business and plant'; and plaintiff avers that the defendant did so furnish him with water for his said business and plant until in the spring of 1901, when defendant, disregarding its duty to the plaintiff as aforesaid, and knowing and being conscious of the fact at the time that its act in doing so was likely to and probably would result in injury to the plaintiff's said business, wilfully or wantonly failed or refused to furnish plaintiff with the necessary water for his said plant and business as aforesaid, so that thereby and by reason thereof plaintiff was deprived of the necessary water for his said plant and business, so that his plant, shrubbery, flowers, &c., and plaintiff's said business were then, thereby and by reason thereof proximately caused to be damaged, killed and destroyed; greatly damaging, injuring and destroying plaintiff's said business to the great damage of plaintiff, wherefore, plaintiff sues and claims damages as aforesaid." To the original counts of the complaint, separately and severally

the defendant demurred upon the grounds that neither of said counts showed that there was any contract existing between plaintiff and defendant, or that there was any consideration that had been paid by plaintiff to the defendant for the supplying of water, and further, upon the ground that neither of said counts showed that defendant was under any duty to supply plaintiff with water as alleged in the complaint. These demurrers were sustained.

Thereupon, the plaintiff amended his complaint by filing two other counts, amending the complaint, numbered one and two. The first count after averring that the defendant was engaged in furnishing water to the citizens of Bessemer, then averred as follows: "That the defendant corporation is a domestic corporation, organized, existing and doing business under the laws of the State of Alabama, for the purpose among other things, of furnishing water to the citizens of Bessemer, and said corporation has the exclusive right to furnish water to said citizens, under and by virtue of a franchise granted it by the authorities of said City of Bessemer; and plaintiff avers, that the citizens of Bessemer have no source of supply, than by and through the defendant. Plaintiff avers that he is engaged in and carrying on the business of a florist, commonly known as "Spencer's Conservatory," raising and growing flowers, bulbs, shrubs, trees, &c. for sale in the markets, for a profit and livelihood, and has been so engaged in said business for a number of years past. That in the establishing and carrying on of said business, this plaintiff constructed and built a hot-house or plant and fitted it up with steam boilers and other appliances for the preservation of his tender plants, flowers, bulbs, &c., said hot-house steam boilers and other appliances being necessary to the successful operation of such a business all of which was erected at great cost to this plaintiff, and all of which is now practically useless on account of the negligence and damage hereinafter set out. That plaintiff's said business was erected, operated and carried on in accordance with and in reference to, and adjusted to, and the output governed by the water supply so furnished by the defendant to the plaintiff, (for reward paid and to be paid by plaintiff to defend-

ant.) And plaintiff avers that it was the duty of the defendant to supply him with a sufficient supply of water for watering and sprinkling said flowers, bulbs, shrubs, trees and plants, and for generating steam in said steam boilers, and for other purposes in and about his said business and plant. And plaintiff avers that the defendant did so furnish him with water for his said business, until the Spring of 1901, when the defendant disregarding its duty to this plaintiff, negligently failed or refused, without fault on the part of this plaintiff, to furnish him with the necessary water for his said business and plant as aforesaid, either to water or sprinkle his plants, or to generate steam in his said steam boilers, and on account of such negligence, failure or refusal to furnish sufficient supply of water for the purposes names, plaintiff was greatly damaged in that his flowers, bulbs, shrubs, trees, &c. were withered, killed, frozen, destroyed and greatly damaged, thus damaging and destroying plaintiff's business and honorable standing. And plaintiff avers that the negligence of defendant, and the failure or refusal of the defendant to furnish a sufficient supply of water was the proximate cause of the damages complained of. And plaintiff avers that the negligence of the defendant consisted in this, that it negligently failed or refused to furnish this plaintiff with the necessary water for watering and sprinkling his said shrubs, flowers, bulbs, trees, &c. and for generating steam in his said steam boilers, as was the duty of said defendant, wherefore, plaintiff was damaged as aforesaid. And plaintiff avers that said negligence and failure or refusal to furnish said water was without fault on his part. Wherefore plaintiff sues and claims damages as aforesaid."

2. Plaintiff adopts and makes a part of this count all of count numbered one down to and including the words, "was the proximate cause of the damages complained of," where they appear in first said count. And plaintiff avers that the negligence of the defendant consisted in this, that the defendant recklessly, wantonly, and wilfully failed or refused to furnish this plaintiff with water for watering and sprinkling said shrubs, flowers, bulbs, trees, &c., and for generating steam in his steam boilers,

as was the duty of said defendant knowing or being conscious of the fact that its action in doing so was likely to and probably would result in injury to plaintiffs said business, wherefore, plaintiff was damaged as aforesaid. And plaintiff avers, that said reckless, wanton or willful negligence and failure or refusal to furnish said water, was without fault on his part. Wherefore plaintiff sues, and claims damages as aforesaid." The portion of the paragraph above quoted which is in parenthesis was added by amendment, which was subsequently made, and which will be hereafter referred to. The defendant demurred to the first and second counts of the amended complaint, separately and severally, upon the grounds, that it does not appear from either of said counts of the complaint that the plaintiff owed him any duty of supplying him with water for any purpose whatever. It does not appear that there was any consideration to defendant for its alleged obligation to supply plaintiff with water, and that no facts are averred which show that defendant was liable to plaintiff for damages for the alleged destruction of his business. These demurrers were sustained. Thereafter the plaintiff amended the first and second counts of the complaint by adding to each of them the words that are in parenthesis in the first count last above copied. The demurrers therefore interposed to the first and second count were refiled to the counts as amended. Subsequently the plaintiff amended his complaint as follows: "Comes the plaintiff in the above stated cause and after leave of the court first being had and obtained therefor, amends his complaint therein by striking out the following words where they occur in said complaint, to-wit: "And said corporation has the exclusive right to furnish water to said citizens, under and by a franchise granted it by the authorities of said city of Bessemer." "And he further amends his said complaint by striking out also the following words, where they occur in said complaint, to-wit: "That plaintiff's said business was erected operated and carried on in accordance with and in reference to, and adjusted to, and the out-put goverened by the water supply so furnished by the defendant to the plaintiff," and he makes this amendment both as to the first and second counts of

his complaint." To the first count of the complaint as thus amended the defendant demurred upon substantially the same grounds as were therefore interposed. These demurrers were sustained.

Thereupon the plaintiff amended his complaint by adding two additional counts to the complaint, numbered three and four. The third count of the complaint after averring that the defendant was engaged in the business of supplying water to the citizens of Bessemer for hire and reward, and had a system of water works, further set up: "That the defendant is a domestic corporation, organized under the laws of the State of Alabama, for the purpose among other things, of furnishing water to the citizens of Bessemer, as aforesaid. And plaintiff avers, that the citizens of Bessemer have no other source of water supply than that furnished by and through the defendant's said water works system so operated by the defendant; and plaintiff avers that he is engaged in carrying on the business of a florist, commonly known as "Spencer Conservatory" raising and growing flowers, bulbs, shrubs and the like for sale in the market as a business for a profit, and livelihood and has been so engaged in said business for a number of years last past, to-wit; since 1890. And plaintiff further avers that in the establishing of and carrying on the said business he constructed and built a hot house or plant and fitted it up with steam boilers and other appliances for the preservation of his tender plants, flowers, bulbs, &c. said hothouse, steam boilers and other appliances being necessary to the successful operation and carrying on of his said business, all of which he erected at great cost to the plaintiff. And plaintiff further avers that he established his said business and erected his said plant with reference to and on account of the defendant so furnishing water through and by its said water works system as aforesaid. And plaintiff avers that by reason of the defendant being so engaged in furnishing water as aforesaid, it became and was the duty of the defendant to supply him with a reasonably sufficient supply of water for watering and sprinkling said flowers, bulbs, shrubs, plants, &c. and for generating steam in said steam boilers, and for other purposes, to be used in and about his said bus-

iness as was necessary in the successful operation and carrying on of the same; and palintiff avers that the defendant did so furnish him water for reward, as aforesaid, for his said business in such quantities as was reasonably necessary for the successful carrying on of his said business as aforesaid, until the spring of 1901, when the defendant disregarding its said duty to this plaintiff, negligently failed or refused, without fault on the part of the plaintiff, to furnish him with the necessary water for his said business and plant as aforesaid, and on account of such negligence and failure of the defendant to so furnish plaintiff with water, plaintiff was greatly damaged in this, that his flowers, bulbs, shrubs and plants were withered, killed, frozen, destroyed and greatly damaged, thus damaging destroying and cutting off plaintiff's said business, which he was carrying on as aforesaid.  And plaintiff avers that the negligence of defendant as aforesaid was the proximate cause of said damages to the plaintiff, wherefore, plaintiff sues to claim damages as aforesaid."  The fourth count was in words and figures as follows:  "2.  Plaintiff adopts and makes a part of this count all of the third count down to and including the words, "until the spring of 1901," where they occur in said count; and plaintiff avers that the defendant then and there disregarding its duty to the plaintiff, and wilfully or wantonly failed to furnish this plaintiff with such water as was reasonably necessary for the plaintiff to use in and about the carrying on of his said business in the manner and form as aforesaid, and that by reason thereof plaintiff was greatly damaged in that his flowers, bulbs, shrubs and plants were withered, killed, frozen, destroyed and greatly damaged, thus damaging, destroying, and greatly injuring the plaintiff's said business which he was carrying on as aforesaid; and the plaintiff avers that the said reckless, wilful or wantonness on the part of the defendant in fialing or refusing to furnish the plaintiff with the necessary water in the manner and for the purposes aforesaid, was the proximate cause of the damages complained of, wherefore, plaintiff sues and claims damages as aforesaid."  To the third and fourth counts of the complaint

38

[Spencer v. Bessemer Water Works.]

defendant demurred separately and severally upon the same grounds as had been interposed to the first and second counts of the complaint. These demurrers were sustained, and the plaintiff declining to plead further, judgment was rendered for defendant.

The plaintiff appeals and assigns as error the rulings of the trial court upon the pleadings.

J. A. ESTES and W. K. SMITH, for appellant.—The complaint in this case stated a cause of action and the demurrers thereto should have been overruled.

A water company engaged in furnishing water to the citizens of a town, as shown by the complaint in this case as originally filed, is engaged in a public service of great importance.—*Crosby v. City Council of Montgomery,* 108 Ala. 504, 105 Ala. 433; 82 A. M. Dec. 679 and notes.

An individual may maintain an action against the water company on account of its failure to furnish him with water.

BENNERS & BENNERS, *contra.*—1. Where it is uncertain whether a count of a complaint is ex contractu or ex delicto, demurrers to it on that ground should be sustained.—*Capital City Water Co. v. City Council,* 92 Ala. 366; *Baldwin v. K. C. M. & B. R. R.,* 111 Ala. 515.

2. There is no common law duty of a water company to the public to supply its members with water for the breach of which an action ex delicto lies.—*Fowler v. Athens Waterworks,* 20 Am. St. Rep. 313; *Boston Safe Deposit Co. v. Salem Water Co.,* 94 Red. Rep. 238; *Britton v. Green Bay Water Co.,* 51 N. W. Rep. 84; *House v. Houston Water Co.,* 22 S. W. Rep. 277.

3. The franchise, the possession of which by a water company imposes the duty of the company to supply all citizens with water impartially and at reasonable rates, is the franchise granted by a municipality to use its streets for laying pipes. It is not merely the right to be a corporation.—*City of Mobile v. Bienville Water Co.,* 30 So. Rep. 447; *Capital City Water Co. v. McDonald,* 105 Ala. 406; 56 American State Reports, 574 and note.

[Spencer v. Bessemer Water Works.]

TYSON, J.—This action was brought by plaintiff to recover damages for an alleged breach of duty by defendant in failing to supply to plaintiff water for his use in and about carrying on his business as a florist.

The first count of the complaint, as originally filed, after averring that defendant was engaged in the business of supplying water to the citizens of Bessemer for hire or reward, alleges "that he (plaintiff) constructed his said works and entered into and carried on his said business with reference, in accordance and adjusted to the water supply so furnished by defendant and under a contract or agreement with defendant, in accordance with its custom and usage in operating said water works system, for a sufficient supply of water for the plaintiff to use in and about his said business so that plaintiff avers, it became and was the duty of the defendant in the performance of its said public service in operating its said water works system, to furnish the plaintiff with all necessary water for the purpose of watering and sprinkling his said flowers, shrubbery, etc., and for other purposes in and about his said business and plant. And plaintiff avers that the defendant did so furnish him with water for said business and plant until the spring of 1901, when the defendant disregarding its duty to the plaintiff as above said, negligently failed and refused to furnish plaintiff with the necessary water," etc., etc.

No consideration for the contract is here alleged. *Newton v. Brooks,* 134 Ala. 269. But if it be said that the count shows a partial performance by defendant of the contract alleged, and, therefore, no consideration for it need be averred, it is not shown, except perhaps inferentially, that it was binding upon the parties at the time defendant failed or refused to furnish the water.

*Non constat,* the refusal or failure to supply the water was due to plaintiff's failure to perform his allegations under the contract.

As said by the supreme court of Conneticut in *Nickerson v. Bridgeport Hydraulic Co.* (33 Am. Rep. 2), in passing upon the sufficiency of a count very similar to this one, by which it was sought to recover damages suffered on account of the negligent failure of the water company to furnish plaintiff water to extinguish fire;

"This count attempts to hold the defendants liable for the destruction of the plaintiff's property on the ground that it was their duty to supply the plaintiffs with water sufficient to extinguish the fire in question, and that they neglected to perform this duty. But no facts are stated sufficient to establish any such duty on the part of defendants. It is true the count states that the defendants are a corporation, organized to supply the inhabitants of Bridgeport with water to extinguish their fires. But does this create an obligation to supply the water without any thing more? A corporation is organized to manufacture woolen goods and sell them in the market. Does this alone create an obligation to manufacture the goods and supply them to A, whether he pays any thing for them or not? It is not alleged in the count that the plaintiffs ever paid any thing, or even promised to pay any thing to the defendants for the supply of water to extinguish their fires. It is further alleged that the defendants contracted with the plaintiff to supply them with water to extinguish their fires, but nothing appears to show precisely what the contract was: no terms or conditions whatever are stated. Whether the contract was in force or not at the time of the fire is left in conjecture. The allegation is a bare statement of the fact of a contract and nothing else. No principle is better settled in the law than that an allegation of duty alone is not sufficient. There must be an allegation of facts sufficient to create the duty or obligation or else the declaration will be fatally defective."

The demurrer to the first count was properly sustained. For the same reasons the second count as originally framed was subject to the demurrer interposed to it.

Subsequently these counts were amended by a substitution of new counts. In these substituted counts, no contract between plaintiff and defendant is averred or attempted to be. Nor is it alleged that the defendant was under any contractual obligation with the city of Bessemer to furnish the water to plaintiff. It is true it is averred that defendant has the exclusive right to furnish water to the citizens of Bessemer under and by a franchise granted it by the authorities of said city; and it may be inferred *arguendo*, from the allegations, that

under its franchise, it had the right to make and charge certain rates for water furnished by it.

It is not alleged, however, what rate this plaintiff was to pay, or the city was to pay for him or that he or the city ever paid or were under any obligations to pay at all. Certainly the defendant was not to furnish water to plaintiff gratitiously. The counts were clearly bad.

As said by Mr. Farnham, in his recent work on Water and Water Rights (Vol. 1) p. 842; "The question of the right of the consumer to maintain an action against the water company for failure to furnish a supply resolves itself into two elements. The first involves his right to sue for failure to comply with the implied contract which the company assumed, to furnish water for private needs in consideration of the rates of taxes assessed against the consumer for the supply furnished. And the second involved his right, as one of the public, to sue for special injury to him because of the breach by the company of its contract with the municipality to furnish a supply of water for general public needs. With respect to the first question there need be little difficulty. When a private citizen pays for water to be furnished by the supply company he enters into direct contract with the company and is entitled to receive the supply; and in case it is not furnished or the liability is bad as to cause injury to him, he has a right of action for the breach of the contract.  *  *  *  *  *  The second question, namely, that of the right of a private citizen to sue as one of the public specially injured for breach of the company's contract, with the municipality, is not so easily solved." The author then proceeds to review the cases, involving the question last adverted to and to state his notion of the law, that should control in the solution of that question. It is, however, not necessary here to follow him further, since, as we have said above, no contract is shown between the city and the defendant to furnish the water to plaintiff; and, indeed, if such a contract was averred, the authority of the city to bind itself by it might seriously be questioned, pertaining as it must necessarily to the private needs of plaintiff rather than to general public needs.

After the demurrer was sustained to the substituted counts, they were twice amended. The first of these amendments consisted in simply interlining and insert-ing in the counts, after certain words designated in the amendment, the words "for reward paid and to be paid by the plaintiff to defendant." As thus amended, the demurrer to the counts was overruled and the defendant put to its defense of them by pleas.

The second amendment, after issue was taken on the pleas, seems to have been wholly voluntary, and so emasculated the first that it rendered the counts as thus amended unintelligible. The third and fourth counts, which were also added by way of amendment, are so patently defective, it is unnecessary to point out spe-cially their defects. They will readily appear when read in the light of the principles declared above.

It follows from what we have said that the court properly sustained demurrers to each of the counts, and the judgment must be affirmed.

Affirmed.

McCLELLAN, C. J., SIMPSON and ANDERSON, JJ., con-curring.