(90 South. 909)

### ARNOLD. v. ALABAMA POWER CO.
### (7 Div. 220.)

(Supreme Court of Alabama.   Oct. 20, 1921.)

**1. Electricity &lt;&#8658;11—Complaint for damages for failure to furnish electric current must show performance of conditions by plaintiff.**

If the duty of a public service corporation to furnish electric current did not arise out of contract merely, but out of its general status and relation as a public service corporation, a complaint in an action for damages for failure to continue to furnish current should allege facts showing that the contract or demand or application for service was made by plaintiff with or on defendant, and performance by plaintiff of all conditions precedent, such as making tender of advance charges required, the payment of accrued bills, etc.

**2. Electricity &lt;&#8658;11—Averment of failure to give notice of discontinuance of service held insufficient.**

A mere averment in complaint, in action against power company for damages for discontinuance of service, that defendant failed to give plaintiff three days' notice, was not sufficient where contract and application for service obliged power company to give three days' notice in writing by mailing or service personally or by leaving same at premises.

**3. Electricity &lt;&#8658;11—Power company held not required to apply deposits on charges due before discontinuance of service.**

Where contract for electric power provided that consumer should deposit a certain amount before connection of service at premises, which could be applied by the power company upon any unpaid bill, the company was not required to apply the deposit in payment of a bill due and still continue to give service.

Appeal from Circuit Court, Calhoun County; A. P. Agee, Judge.

Action by A. H. Arnold against the Alabama Power Company for damages for cutting his lights off. From adverse rulings on the complaint, plaintiff takes nonsuit and appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

The following is the complaint:

"Count 1. Plaintiff claims of the defendant the sum of $1,000 as damages for, to wit:

"That the defendant is, and has since May 9, 1917, been a public service corporation, engaged in furnishing electric light service to the people of Anniston, under a contract with said city; that plaintiff is and has since May 9, 1917, been a citizen of Anniston and a patron of defendant, receiving electric light service for his home up to May 28, 1917, under contract, copy of which is attached to the complaint as Exhibit A and made a part of this count; that at the time of making said contract plaintiff made with defendant a deposit under same of $2.50, which, with interest, has since been held as such; that in said contract there are two provisions, worded as follows:

"'The consumer shall make a deposit of two dollars and fifty cents before service is connected at said premises, which may be applied by the company upon any unpaid bill or bills against the consumer for service or material.'

"'If at any time the consumer fails or refuses to pay any bill or bills for service or material furnished within ten days after the rendition of same, the company may, at its option, discontinue the service to said premises on three days' notice.'

"Plaintiff avers that on May 28, 1919, he did owe defendant but one bill which was due; that it was for service rendered by defendant to plaintiff during April, 1919; that it amounted to only $1.60; that it owed plaintiff the duty of applying enough from this deposit that plaintiff had with defendant to satisfy the April bill, and that it breached its duty to plaintiff in this, that it failed to apply from the deposit an amount sufficient to satisfy said indebtedness, and instead discontinued and severed the electric light service of plaintiff on May 28, 1919, by cutting off at the post near his home the wire supplying the home of plaintiff with electric light service, and as a proximate result of this breach of duty the residence of plaintiff was left for some time practically in darkness, and he was forced to improvise and make temporary arrangements for lighting his residence and was greatly humiliated, lost valuable time in arranging temporary lights and in getting his service restored, was inconvenienced and annoyed, and as a proximate result damaged as aforesaid."

Count 2 is the same as count 1, except that it is alleged that defendant willfully and wantonly discontinued the electric service.

Count 3. The same as count 2 down to and including the words 'May 28, 1919,' where they first occur therein, and then alleging that said

---

&lt;&#8658;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

item for April and May did not aggregate a sum in excess of the deposit and interest which plaintiff had with the defendant at the time his service was discontinued, and that defendant owed plaintiff the duty of applying said deposit or so much thereof as might be necessary for the discharge of said indebtedness, instead of discontinuing his service, and that defendant breached its duty to plaintiff by failing to apply said deposit and by discontinuing its service.

Count 4 is practically the same as count 3.

Count 5. The same as 3, except it is alleged that defendant willfully breached its duty.

Counts 6 and 7 are the same as count 1, except that they aver that said contract was in force and defendant failed to give plaintiff three days' notice of discontinuance of service.

Chas F. Douglas, of Anniston, for appellant.

Counsel discuss the assignments of error, but without citation of authority.

Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

The proper forum for the regulation is the utilities commission, and not the courts. Hodge v. Alabama Water Company (7 Div. 109) 205 Ala. 472, 88 South. 585. The court properly sustained the demurrers. 10 Ala. App. 273, 64 South. 510; 201 Ala. 141, 77 South. 571.

THOMAS, J. The suit was for breach of duty by a public service corporation to continue to furnish electric current to plaintiff's residence.

In Birmingham Ry., L. & P. Co. v. Littleton, 201 Ala. 141, 147, 77 South. 565, 571, this court said:

" * * * In an action against a public service company for failure to serve an applicant entitled to service, it is necessary to allege: (1) That the defendant was engaged in the discharge of a public service; (2) that the plaintiff came within the class of people whom the defendant was bound to serve; (3) that the plaintiff had performed all reasonable conditions precedent entitling him to that service; (4) that the defendant wrongly refused to furnish the services; and (5) that the plaintiff had thereby been damaged."

[1] If the duty of defendant to serve plaintiff did not arise out of contract merely, but out of its general status and relation as a public service corporation, serving individuals of the municipality of Anniston, and plaintiff as an individual of that municipality was entitled to such service, the complaint should allege facts showing that the contract or demand or application for service was made by plaintiff with or on defendant, and showing the performance by plaintiff of all conditions precedent, such as making tender of advance charges required, the payment of accrued bills, the required consideration for the service, etc. For failure of averment in such respects the several counts of the complaint are defective.

The contract or application for the service, exhibited as a part of each count, contained provisions for an advance charge or deposit with the company (appearing in the exhibit as a blank and averred to be $2.50) and for an additional deposit by the consumer from time to time as the company might deem necessary for its protection; that such deposit should in no way affect the company's right "arising from nonpayment of bills" as provided; that at any time the consumer fails or refuses to pay any bill for services or material furnished within 10 days after the rendition of the same the company may at its option discontinue its service on the premises on 3 days' notice "as herein provided," and such provision being:

"Any notice given hereunder shall be in writing, addressed to the consumer at said premises, or at any other address filed in writing by the consumer with the company, and mailed in ordinary course of the company's business, or by the consumer to the company by mail addressed to the company, or by either party by serving the same personally upon the other, or by leaving same at said premises."

[2] The averment of failure of notice of the amount of the outstanding or accrued bill for the month of April, 1919, and up to May 28, 1919, for which plaintiff had not received bill, was not sufficient to show that a notice was not given by defendant as provided by foregoing provisions of the contract or application for service on the part of plaintiff, and by which he was bound.

[3] The averment of the several counts that the advance deposit of $2.50 made by the plaintiff was an amount equivalent to or exceeding defendant's accrued or past-due bill for electric current furnished for the months of April and May was not sufficient to show payment or tender of the amount due, or that plaintiff stood ready and willing to pay or tender the same; the contract provision being that the defendant, on default of plaintiff in the payment of said amount due, "may" apply the deposit upon any unpaid bill or bills of plaintiff. There is nothing in the contract or application for service signed by plaintiff and exhibited in his pleadings which require the defendant to apply such deposit "upon any unpaid bill or bills" by the plaintiff-consumer, but the reasons for the deposit would prevent such application in a case where there was a continuance of service.

We are of opinion that the trial court properly sustained demurrer to the several counts of the complaint for the failure to aver facts showing that he was not in default in the payment of service theretofore rendered, and that the defendant had wrongfully refused to extend, continue, or furnish its service without full compliance on plain-

tiff's part by payment of the accrued bill in question. It would subserve no good purpose, nor is it necessary, to ·discuss whether the contract regulations for advance charges for service or of notice of discontinuance of service for nonpayment of charges, etc., were reasonable. This subject was adverted to in Hodge v. Alabama Water Co., 205 Ala. 472, 88 South. 585.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.