## COMPTON v. ALABAMA POWER CO.
(7 Div. 686.)

Supreme Court of Alabama. Oct. 13, 1927.

1. Electricity ⊛19(2)—Complaint, alleging defective wiring causing fire, alleged action for breach of duty, and contract alleged showed relation out of which duty arose.

Complaint, in suit for damages for loss of plaintiff's home and furniture by fire from de-fectively equipped service wires installed by defendant for lighting and heating purposes, alleged action for breach of duty, and contract alleged in complaint was matter of inducement only; its office being to show relationship between parties out of which duty arose.

2. Frauds, statute of ⊛139(1)—Where action was for breach of duty, and oral contract alleged merely showed relationship between parties, and alleged negligence was as to acts done, statute was no defense.

Where action was for breach of duty, and oral contract alleged merely showed relationship between parties out of which duty in question arose, and negligence charged was with respect to acts already done, it was immaterial whether contract contemplated their performance within year, and statute was no defense.

3. Appeal and error ⊛1040(13)—Overruling demurrer to plea of statute of frauds to contract alleged by way of inducement only held prejudicial error, in view of instructions.

Overruling demurrer to plea of statute of frauds to action for breach of duty in wiring house causing fire, where contract was alleged as matter of inducement only to show relationship between parties out of which duty arose, held not error without injury, because case was tried on issue of negligence, where instructions given showed that plea was not abandoned or disregarded, but was submitted as defense, which, if affirmatively found, would avoid cause of action.

4. Constitutional law ⊛62—Delegation of quasi legislative power to Public Service Commission did not violate constitutional prerogative of Legislature.

Delegation of quasi legislative power to Public Service Commission to make such minor rules and regulations as are necessary and appropriate for administration and enforcement of general laws of state did not violate constitutional prerogative of Legislature.

5. Public service commissions ⊛8 — Rules of Public Service Commission dealing with matters of liability and prescribing rules of substantive law held unauthorized (Code 1923, § 9741).

Rules of Public Service Commission, providing that company in accepting consumer's application and in supplying services does not assume obligation as to condition of consumer's equipment, and that no representation of company's employees shall bind company, unless in writing and approved by official, which deal with matters of liability and prescribe rules of substantive law that are beyond purview of administrative authority, held unauthorized, under Code 1923, § 9741.

6. Electricity ⊛19(4)—Rules of Public Service Commission held inadmissible on issue of negligence in installing electric service wires causing fire.

In action against power company for damages for loss of plaintiff's home and furniture by fire resulting from defectively equipped service wires installed by defendant for lighting and heating purposes, admitting rules of Public Service Commission, two of which dealt

---

with matters of liability and were unauthorized, under Code 1923, § 9741, and others which were inapplicable, *held* error.

Appeal from Circuit Court, Talladega County; R. B. Carr, Judge.

Action by E. B. Compton against the Alabama Power Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Statement by SOMERVILLE, J.:

The suit is for damages for the loss of plaintiff's home and furniture by fire, which resulted, as alleged, from defectively equipped service wires installed by defendant for lighting and heating purposes.

The case was tried on count 3 of the complaint, which ·after stating the nature of defendant's business as a public utility, and plaintiff's ownership of the property destroyed, alleges:

"That on or about, to wit, said 1st day of November, 1923, the defendant entered into an agreement with the plaintiff by the terms of which defendant agreed to properly install in plaintiff's said residence, * * * an electric stove, electric switches, fuses, and wires, and further agreed with plaintiff that defendant would properly maintain said stove, switches, fuses, and wires, and by the terms of which plaintiff agreed to pay defendant (therefor); and plaintiff further avers that in pursuance of said agreement defendant did install said stoves, switches, fuses, and wires in about November, 1923, and maintained same * * * up to and on said 1st day of May, 1924, and plaintiff paid defendant such sums as were charged by it (for said service); and * * * that on said 1st day of May, 1924, he was a customer of the defendant, and defendant was furnishing to him electricity for his said home for illumination and heating and other domestic purposes, * * * by means of certain feed or cut-in wires leading from its transmission lines to said switches. * * *"

With respect to defendant's breach of duty in the premises, it is alleged that:

"Defendant owed to plaintiff the duty to supply electricity to his said house of a voltage that was reasonably safe and only such as was reasonably safe and was necessary to light his said home and for said other purposes; and plaintiff further avers that defendant was guilty of negligence in and about the installing and maintenance of said stove, switches, fuses, and wires, and that as a proximate result of defendant's said negligence, the electric wires in plaintiff's house on said 1st day of May, 1924, became heavily and dangerously charged with electric current and ignited and set plaintiff's house and furniture on fire, burning * * * and completely destroying same, all to plaintiff's damage in said sum of $10,000."

Besides the general issue, defendant pleaded several special pleas, to all of which demurrers were sustained excepting pleas 6 and 7, which are as follows:

"(6) That the .alleged agreement with plaintiff that defendant would maintain said stove, switches, fuses, and wires was a verbal agreement, which by its terms was not to be performed within one year from the date of said agreement, which said agreement was void under the statute of frauds.

"(7) That the alleged cause of action as set out in said counts is barred by the statute of limitations of one year."

Numerous grounds of demurrer were filed to these pleas, of which only the following need be stated: .

"(17) It appears that the defendant entered upon and discharged a part of its said obligation within one year and received pay therefor and cannot now plead the statute of frauds.

"(18) It does not appear that the cause of action declared in counts 3 and 4 was barred when this cause was instituted.

"(19) The count to which the said plea is addressed affirmatively shows that the cause of action was not barred by the statute of limitations of one year."

The demurrers being overruled, issue was joined on the pleas, and the trial resulted in a verdict for defendant.

Plaintiff's evidence tended to show that the fire was caused by a burning wire in the upper part of the house, and the chief issue of fact was whether the service wires were properly protected against short circuits by properly placed fuses carrying a properly limited amperage. On this subject plaintiff's expert witness Ellis testified:

"That, if the insulation on a wire caught on fire from the wire, this would indicate a short circuit somewhere in the wire, and that there was no way in installing a wiring system to prevent having a short circuit, and that, so far as he knew, there was no way to eliminate a short circuit, and that, if a wire was overfused, and you got a short circuit in the wire, it would be likely to set a house on fire, and that they put fuses on the wire to protect against a fire which might be caused in this way."

Defendant's witness McBrier, a local employee who sold the electrical stove to plaintiff, and had it installed, testified:

"That the fusing system is the principal protection against fire, and that the witness did not find out what kind of fuses were used on the Compton job, and that the witness went there to inspect them for the power company; that it was his duty as an employee of the power company to inspect them."

The defendant offered in evidence 22 rules adopted and promulgated by the Alabama Public Service Commission.

Rule 17 is:

"The company in accepting the application of the consumer and in supplying energy does not assume any obligation or responsibility as to the condition of the consumer's equipment or apparatus."

Rule 21 is:

"It is understood that no statement or representation of any employee .or officer of the

company shall bind the company unless the same. be in writing and approved by the signature of an officer of the company, and that no employee or officer of the company is authorized to waive this condition."

Plaintiff "objected to each of said rules so offered in evidence, separately and severally," on numerous grounds, and, as the bill of exceptions recites:

"The court overruled plaintiff's-objection to all of these rules and plaintiff excepted to the ruling. The rules were admitted in evidence and plaintiff moved to exclude them on the same grounds. The court overruled the motion and plaintiff excepted."

Plaintiff's evidence showed that, when the electrical stove was bought from defendant's agent McBrier, he agreed to install and maintain it free of cost until it was paid for; and the evidence showed that it had been fully paid for according to the contract of purchase.

Other matters are sufficiently stated in the opinion. From a verdict and judgment for defendant, plaintiff appeals.

Harrison & Stringer, of Talladega, for appellant.

Having accepted benefits under the agreement, defendant is barred from setting up the statute of frauds. Erswell v. Ford, 208 Ala. 102, 94 So. 67; Sayre v. Wilson, 86 Ala. 151, 5 So. 157. The complaint stated a cause of action, independent of the agreement attacked in plea 6. 9 R. C. L. 1214. Rule 21 of the Public Service Commission was erroneously admitted in evidence. The commission was without authority to make such rule. Code 1923, §§ 9631, 9632, 9710, 9741.

Martin, Thompson, Foster & Turner, of Birmingham, for appellee.

No error as to any matter of pleading will reverse the case, unless it appears that the error probably injuriously affected the substantial rights of the parties. Supreme Court rule 45, 4 Code 1923, p. 895. The theory upon which the case was tried in the court below is binding on the appellate court. Hanover F. I. Co. v. Wood, 213 Ala. 132, 104 So. 224, 39 A. L. R. 1436. Rule 21 of the Public Service Commission was properly admitted in evidence. Code 1923, §§ 9741, 9802, 9813, 9823. Where an exception is to a ruling of the court in bulk, error cannot be predicated if any one of the matters embraced in the ruling was properly ruled upon. Hutto v. Stough, 157 Ala. 566, 47 So. 1031; Rarden v. Cunningham, 136 Ala. 263, 34 So. 26. There was no duty of inspection of defendant to see that the plaintiff's wires and appliances were in a safe condition and kept so. Fickeisen v. Wheeling Elec. Co., 67 W. Va. 335, 67 S. E. 788, 27 L. R. A. (N. S.)

893; Perry v. Ohio Valley Co., 70 W. Va. 697, 74 S. E. 993; Pressley v. Bloomington & N. R. Co., 271 Ill. 622, 111 N. E. 511; Hoffman v. Leavenworth L. Co., 91 Kan. 450, 138 P. 632, 50 L. R. A. (N. S.) 574; Smith . v. Lexington, 176 N. C. 466, 97 S. E. 378. Where wiring and other electrical appliances on private premises are owned and controlled by the owner of the premises, a company merely furnishing current is not responsible for insulation or condition of such wiring or appliances. Authorities supra; Princeton L. Co. v. Ballard, 59 Ind. App. 345, 109 N. E. 405; Reynolds v. Narragansett L. Co., 26 R. I. 457, 59 A. 393; Smith v. Middlesboro Elec. Co., 164 Ky. 46, 174 S. W. 46, Ann. Cas. 1917A, 1164; A. C. G. & A. v. Appleton, 171 Ala. 324, 54 So. 638, Ann. Cas. 1913A, 1181. Part performance is not sufficient to take an executory contract from the provisions of the statute of frauds. Code 1923, § 8034; Troy Fertz. Co. v. Logan, 90 Ala. 325, 8 So. 46; Erswell v. Ford, 208 Ala. 101, 94 So. 67.

SOMERVILLE, J. [1] This action is not for the breach of a contract, but for the breach of a duty owed by defendant to plaintiff. The contract alleged in the complaint is a matter of inducement only. Its office is to show a relationship between the parties out of which the duty in question arose. Mobile Life Ins. Co. v. Randall, 74 Ala. 170, 178.

[2] The negligence charged is with respect to acts already done, and it is immaterial whether or not the contract contemplated their performance within a year, or whether for any other reason the contract would have been unenforceable as an executory agreement. Hence the plea of the statute of frauds is not a valid defense to the action, and the seventeenth ground of the demurrer to the plea was apt and should have been sustained.

[3] It is, however, insisted for the defendant that the overruling of the demurrer to this plea was error without injury, because the case was tried and determined solely upon the issue of negligence vel non on the part of the defendant in the installation of the electrical stove, and in the wiring and fusing incidental thereto. This view cannot be sustained.

After stating that the first plea was the general issue, and explaining its effect, the trial judge added:

"So in this case the burden is on the plaintiff to reasonably satisfy you from this evidence that the defendant company was negligent under the rule that I have given you and as a proximate consequence of that negligence this damage resulted. * * * That is the main issue submitted to you in this case."

Then this further instruction was added:

"The other plea of the defendant is that this contract that was entered into * * * was not to be performed within a year from the date of its execution, which is August 18, 1923. Under the law in this state, * * * if a contract is entered into that is not to be performed within a year, [it] is not a good contract unless it is in writing; in other words, if it cannot be performed within the year, then it must be in writing to be a good contract. If that is not proved, then it is in the teeth of the statute of frauds as we call it. So, applying that principle of law in this case, under that plea you would consider whether or not this alleged contract was to be performed within a year from the date of its execution, August 18, 1923. If it was not to be performed under the terms of the contract within the year, then the defendant company would not be bound by that verbal contract."

At defendant's request the jury were instructed:

"That, if the alleged agreement * * * to maintain the stove in plaintiff's house was not to be completed within 12 months from August 18, 1923, then such alleged agreement was void, and the defendant would not be bound thereby."

The plea in question was interposed as a bar to plaintiff's right of action. The instructions given to the jury by the trial judge ex mero motu, and also at defendant's request, show that the plea was not abandoned or disregarded, but was, on the contrary, submitted to the jury as a defense, which, if affirmatively found, would avoid the cause of action. We are therefore unable to hold that the retention of the plea was error without injury.

[4] The Public Service Commission is authorized to make "such minor rules and regulations as are necessary or appropriate for the administration and enforcement of the general laws of the state," and the delegation of this quasi legislative power to administrative boards is not a violation of the constitutional prerogative of the Legislature. Parke v. Bradley, 204 Ala. 455, 458, 86 So. 28; 12 R. C. L. 1265, § 3. As said by the Supreme Court of Indiana, the true test and distinction whether a power is strictly legislative, or whether it is administrative, and merely relates to the execution of the statute law, "'is between the delegation of power to make the law, which necessarily involves a discretion as to what it shall be, and conferring authority or discretion as to its execution, to be exercised under and in pursuance of the law.' The first cannot be done. To the latter, no valid objection can be made." Blue v. Beach, 155 Ind. 121, 140, 56 N. E. 89, 96, 50 L. R. A. 64, 80 Am. St. Rep. 195, 210; United States v. Grimaud, 220 U. S. 506, 517, 31 S. Ct. 480, 55 L. Ed. 563.

This subject was very fully and ably discussed by Mr. Justice Whitfield in State v. A. C. L. R. Co., 56 Fla. 617, 47 So. 969, 32 L. R.

A. (N. S.) 639. With respect to its constitutional aspects he said:

"The Legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law, complete in itself, designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and enforcement of the law within its expressed general purpose. * * * [Such authority] is not an exclusively legislative power."

Our statute (Code, § 9741) declares:

"The [Public Service] Commission shall have general and exclusive power to regulate and supervise every utility in respect to its rates and service regulations, and in respect to its franchises, licenses, and contracts in so far as they affect its rates and service regulations."

[5, 6] Some of the 22 rules of the commission, notably 17 and 21, deal with matters of liability, and prescribe rules of substantive law, that are clearly beyond the purview of administrative authority, and are not authorized by any grant of power to the commission, express or implied. As to the other rules admitted in evidence, conceding their validity, we are unable to see any legitimate field for their operation in this case. We think they are irrelevant and without any proper influence upon the question of the defendant's liability vel non for the negligence charged in the complaint. It results that plaintiff's exception to the single ruling of the trial court, admitting all of these rules in evidence, was well taken and should have been sustained.

For the errors noted, the judgment will be reversed, and the cause remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.