(124 So. 96)

## ALABAMA WATER CO. v. KNOWLES.
### (6 Div. 320.)

Supreme Court of Alabama.   Oct. 10, 1929.

66

Huey & Welch and W. G. Stone, all of Bessemer, for appellant.

Benton, Bentley & Moore, of Bessemer, for appellee.

BOULDIN, J. This is an action against a public water company to recover damages for refusal to supply water service to plaintiff.

Speaking of the duty of a public service company in general, the law applicable to cases of this character has been thus stated: "We deduce from the foregoing authorities that, in an action against a public service company for failure to serve an applicant entitled to service, it is necessary to allege: (1) That the defendant was engaged in the discharge of a public service; (2) that the plaintiff came within the class of people whom the defendant was bound to serve; (3) that the plaintiff had performed all reasonable conditions precedent entitling him to that service; (4) that the defendant wrongly refused to furnish the services; and (5) that the plaintiff had thereby been damaged." Birmingham Ry., Light & Power Co. v. Littleton, 201 Ala. 147, 77 So. 565, 571; Arnold v. Alabama Power Co., 206 Ala. 506, 507, 90 So. 909; Spencer v. Bessemer Waterworks, 144 Ala. 587, 39 So. 91.

As relates to water companies, this rule has been announced: "Otherwise stated, the right of the citizen to be supplied with water by a public water company is qualified by the duty of the citizen to pay or tender the customary rents and provide the means of conveying the water from the water mains onto his property." Birmingham Waterworks Co. v. Brooks, 16 Ala. App. 211, 76 So. 515, 517.

In framing count 3 of the complaint on which the case was tried, plaintiff's counsel have sought to state a case under these rules.

Whether sufficient as against the demurrers assigned, we do not find it necessary to decide. This for the following reasons:

Defendant pleaded in short by consent, presenting the general issue as well as any affirmative defense in avoidance.

Under such plea the service rules and regulations of Alabama Water Company approved by the public service commission were introduced in evidence by defendant.

Such reasonable rules, not in violation of law, are law-made rules, and, unless waived, govern the rights and duties of the citizen and of the water company. Code, § 9741; Hodge v. Alabama Water Co., 205 Ala. 472, 475, 88 So. 585; Alabama Water Co. v. City of Attalla, 211 Ala. 301, 100 So. 490.

In so far as they modify the common-law rules defined in previous decisions touching the conditions upon which water service is due to an applicant, these rules adopted pursuant to statutory authorization, govern.

Water service is a prime necessity to dwellers in towns and cities. Water companies undertaking such service, given something of a monopoly therein, have a high public duty.

The rules governing the citizen and the company in relation to this service are of

such vital concern that they should be readily available to the public and their legal advisers.

For this cause we direct that the service rules and regulations shown by this record be set out in full in the report of this case.

Connection with the water mains of the company is made on written application of the owner of the premises, or his agent, on blank form to be provided by the company. Rule 1.

Service to a tenant is furnished through a connection already made, "or applied for by the owner." Rule 2.

■■ A suggested form of service application is incorporated in rule 2. Any form embodying the substance of these respective rules would suffice. Blanks being provided by the company, the applicant need look no further as to. their sufficiency.

These rules contemplate entering into contractual relations between the company and the consumer.

■ Not that the company has any power to furnish or to deny service to whom it will. Its duty is to all alike, who are within the zone of the service applied for, who enter into proper contractual relations and who comply with the conditions precedent as to service lines and advance payments. Rule 4.

The power to approve the application is given to the company for two main purposes, viz.: To assure a proper service line and fixtures to prevent waste, and also a cut-off valve on the service line for emergencies. Rule 11.

Under these rules it is not contemplated that service lines shall be installed before application for connection.

■ The approved application prescribes the character of service line, location of cut-off valve, etc. When signed and approved, the duty is on the applicant to comply with its terms on his part, and then the duty is on the company to make connection and turn on the water.

■ If one entitled to connection and service goes to the proper agent of the company and makes known his wishes and readiness to comply with the regulations, it is the duty of the company to furnish the proper blank application. If refused, he need not go to the expense of installing a service line in order to perfect his right of action. These rules modify the prior rule in this regard as stated in the Brooks Case, supra.

During the year 1926 plaintiff was a tenant in one of a group of residences all owned by one landlord. Water service was furnished through a common meter and hydrant. The landlord paid the bill and the tenants paid him for water service as part of the rents. No application being made for service in 1927, the water was cut off late in January.

Thereupon, plaintiff sought to obtain water service and was refused. Just what passed between her and Mrs. Bobo, the company's representative at the time, is in controversy. Appellee's counsel here insist that a separate service line had been installed to plaintiff's residence; but that, nevertheless, she was denied service for refusal to pay the quarterage upon the joint service line.

■ If otherwise entitled to water service on an individual meter connection, she was not due to pay additional charges accrued against the common service connection. She was not known as a customer of the company. It had no water bill against her.

The Brooks Case, supra, correctly declared that defendant was under no duty to furnish water through a joint service pipe upon tender of the usual charges for one house, if thereby water must be furnished to another through the same connection. Such is not this case. Plaintiff's position, according to her contention, was similar to that of Marie O'Conner shown in the statement of facts in the Brooks Case, 16 Ala. App. page 210, 76 So. 515, 517, of whom it was said in the opinion: "Marie O'Conner was not a party to the contract set up in the plea, and had no rights thereunder, and was not liable for the debt arising out of that contract. Birmingham Water Co. v. Keiley, 2 Ala. App. 629, 56 So. 838; Burke v. City of Water Valley, 87 Miss. 732, 40 So. 820, 112 Am. St. Rep. 468; Turner v. Revere Water Co., 171 Mass. 329, 50 N. E. 634, 40 L. R. A. 657, 68 Am. St. Rep. 432."

Plea 8 there discussed alleged that the water company offered to supply plaintiff without payment of accrued charges against the landlord, if she would install a separate service line. See comments on the Brooks Case in Sims v. Alabama Water Co., 205 Ala. 378, 380, 87 So. 688, 28 A. L. R. 461.

This Sims Case, as well as Eutaw Ice & Water Co. v. McGee, 17 Ala. App. 18, 81 So. 354, and Birmingham Water Co. v. Martini, 2 Ala. App. 652, 56 So. 830, are distinguishable from the case at bar.

Here there is no evasive scheme to get water service by shifting the applicant from one member of a family or joint user to another.

Under defendant's evidence the demand in arrears was chiefly for water service for first quarter of 1927, a service not yet rendered. The appoved rule allowing collection in advance protects the company against arrears, except possibly for excess over the advance payment.

■ We follow the generally recognized rule that in the absence of statute making a service charge a lien on the premises, a new customer cannot be denied service because

some former customer is delinquent, nor a tenant denied service because his landlord may `be in arrears; nor can payment of such arrears be required as a condition to such service. Note 13 A. L. R. 349 to page 355; note 28 A. L. R. 486 to page 493; note 55 A. L. R. 789 to page 791, and authorities reviewed in these notes.

The testimony of Mrs. Knowles does not disclose that any individual service line for separate meter was installed before she applied for service. Her statement indicates that a service line had been cut in to her back porch when she went there; that it tapped the common service line so that it drew from the common meter; that such arrangement continued until the water was cut off. She claims no change at the time she applied for service.

But plaintiff's witness Mr. Holley makes a case for the jury on the question whether the separate service line had been laid when Mrs. Knowles applied for service.

Defendant's witness Mr. Champion, owner of the property, is quite at variance with Mr. Holley on this point. Mr. Champion testifies that about April, 1927, some months after the water was cut off, he installed the separate service line, made application, and obtained connection and water service for the house occupied by Mrs. Knowles.

Defendant offered proof of this original application and also offered same in evidence. This evidence was refused. In this the court erred. In view of the issues upon which the trial was had, the original application was the best evidence of its existence and of its date. It would shed light upon when the new service pipe was laid. It would also tend to show the length of time plaintiff was without water service after she made application. Moreover, the application itself was the only one made in compliance with the service rules having the force of law. A new connection was involved. Only the owner may apply for such connection. Reasons easily suggest themselves why the owner of the premises is recognized in the service rules as the proper party to see to the installation of plumbing and the making of connections turning water into his buildings. The tenant is entitled to make an application for water service, but through connections already made, or applied for by the owner.

Inconvenience and annoyance from wrongful refusal to furnish water are recoverable elements of damages. In this connection evidence of the distance and condition of the passway to the spring where plaintiff had to get her water supply was properly received. Birmingham Waterworks v. Ferguson, 164 Ala. 494, 51 So. 150; Birmingham Waterworks Co. v. Watley, 192 Ala.

520, 68 So. 330. We do not overlook the statement in these cases that recovery for inconvenience and annoyance may be had in connection with pecuniary loss. If pecuniary loss must appear in a case of this sort, which we do not here decide, the loss of time and labor in carrying water from a spring is of like character a pecuniary loss.

The complaint is limited to breach of duty in refusing plaintiff's application for water service. It charges no wrongful cutting off of the water. The court erred in his oral instruction saying: "You will determine whether or not there was any wrongful cutting off or wrongful failure to furnish water."

As the cause must be reversed for the errors mentioned, the opinion has been so written as to define the legal rights of these parties for their future guidance and the guidance of the court below.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.