## BIRMINGHAM WATER WORKS CO. v. BARKSDALE.

### 6 Div. 395.

Supreme Court of Alabama.

Oct. 12, 1933.

Benners, Burr, McKamy & Forman, of Birmingham, and Ross, Bumgardner, Ross & Ross, of Bessemer, for appellant.

G. P. Benton, of Fairfield, for appellee.

KNIGHT, Justice.

The first insistence for error on the part of appellant is that the court improperly allowed the plaintiff a struck jury in the cause, after the plaintiff had announced that he was satisfied with the jury which had been placed in the box for the trial of the cause, and after the defendant had peremptorily challenged two of said panel.

In order that what took place in the selection of the jury to try this case may fully appear, we quote from the bill of exceptions on this point: "After both plaintiff and defendant had announced ready for trial, and the jury was placed in the box." "Whereupon the plaintiff's attorney stated that he was satisfied with the jury in the box."

"Mr. Ross: Well, we do not demand a struck jury, your honor, but we reserve the right to a legal challenge as authorized under the law.

"The Court: If the plaintiff wishes a struck jury I will give him a struck jury. I wouldn't consider that a waiver of a struck jury.

"Whereupon to this action of the court the defendant there and then, in open court, duly reserved an exception.

"Mr. Ross: All right, Mr. Benton, the defendant does not demand a struck jury; but we strike numbers 28 and 30.

"The Court: Well I will see what the plaintiff wants to do, whether he wants a struck jury or not.

"Mr. Benton: Well, if the court please, I would like to know whether you are going to let him strike 28 and 30, or not.

"The Court: Neither side demands a struck jury; then each side has the right, I believe, to three peremptory challenges.

"Mr. Ross: No, sir. Your honor takes the position that he doesn't waive his right. He was satisfied with the jury in the box.

"The Court: I am asking both sides first, whether or not they are satisfied with the jury in the box.

"Mr. Benton: I said I am.

"The Court: If both sides are satisfied with the jury in the box, that settles the question.

"Mr. Ross: No, sir. We are not satisfied.

"The Court: All right then. Do you want a struck jury, Mr. Benton?

"Mr. Benton: Yes, sir.

"The Court: All right.

"Whereupon the defendant then and there, in open court, reserved an exception to the court's said action and ruling.

"Mr. Benton: I would like to have the jury identified."

The jury was identified, and the defendant duly reserved an exception.

In the above rulings of the court we hold there was no error. The matter was within the discretion of the court, and we cannot affirm that it abused its said discretion, or that the court was unduly active in behalf of either side.

In support of its contention that the demand of the plaintiff for a struck jury came too late, after he had openly announced satisfaction with the jury as then in the box, we are referred to section 8661 of the Code, and to the cases of McArthur v. Carrie, 32 Ala. 75, 70 Am. Dec. 529, and Goodson v. Brothers, 111 Ala. 594, 20 So. 443.

In the McArthur v. Carrie Case, supra, it appears that, after the parties had announced ready for trial, the court directed them to submit their cause to jury No. 2, and called upon the plaintiff to accept or reject said jury. The plaintiff thereupon objected to one of the said jurors, and accepted the others; and the defendant, being then called upon to pass on the jury, replied by demanding a struck jury, which the court refused to grant, and the defendant duly reserved an exception to this ruling of the court.

This court, in that case, in passing upon the defendant's said exception, held that section 2264 did not require the court to be active in assigning a struck jury; that it is only when one of the parties makes the necessary demand that the court is called upon to make the order granting a struck jury; that immediately after the parties have announced themselves ready for trial, and before any steps have been taken therein, the party desiring a struck jury must make the demand therefor, and if he delays until the organization of the jury has been entered upon, the court is not bound to grant his request. The opinion in the case, on this point, concluded with this observation: "*Whether it would be error, if the court should make such order after the proper time for making the demand had been permitted to elapse, we need not now inquire.*" (Italics supplied.) To the same effect is the holding of this court in the case of Goodson et al. v. Brothers, 111 Ala. 589, 20 So. 443.

We hold that it was within the sound discretion of the court to allow the plaintiff a struck jury in this case, and that in the exercise of this discretion, under the facts appearing in the bill of exceptions, the court committed no reversible error.

■ It is next insisted that the court committed error to a reversal in overruling the defendant's (appellant's) demurrer to the complaint. The particular defect in the complaint, pointed out by the demurrer, was the failure of the complaint to aver that he had complied with all the conditions entitling him to water service from the company,

There is no averment in the complaint negativing the fact the plaintiff was indebted to the water company for water in excess of the amount that the regular charge of $2.75 entitled him to under the contract of service. But it does appear that the plaintiff was not in arrears, at the time the company discontinued its service to him, in the payment of the regular quarterly charge. It is made to appear that for the quarter commencing May 12, 1932, the plaintiff had tendered to the defendant $2.75, which was the amount due the defendant for water for the quarter commencing May 12, 1932. The defendant cut off water from plaintiff's residence on July 18, 1932, which was within the quarter plaintiff had tendered payment for.

In the well-considered case of Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96, 101, the court, in an opinion by Mr. Justice Bouldin, held that, in an action against a public service company for failure to serve an applicant entitled to service, it is necessary to allege: " '(1) That the defendant was engaged in the discharge of a public service; (2) that the plaintiff came within the class of people whom the defendant was bound to serve; (3) that the plaintiff had performed all reasonable conditions precedent entitling him to that service; (4) that the defendant wrongfully refused to furnish the services; and (5) that the plaintiff had thereby been damaged.' Birmingham Ry., Light & Power Co. v. Littleton, 201 Ala. 147, 77 So. 565, 571; Arnold v. Alabama Power Co., 206 Ala. 506, 507, 90 So. 909; Spencer v. Bessemer Water Works, 144 Ala. 587, 39 So. 91."

The complaint, as drawn, complies with each of the above requirements, unless it be

that it failed to negative the fact that plaintiff was indebted to the defendant by reason of excess water used during previous quarters; in other words, was not in default as to any amount or amounts due the defendant.

If it be conceded that the complaint was defective in the particular pointed out, we will not reverse the cause for that defect, for the following reasons: The case was tried on the theory that the complaint negatived any indebtedness from the plaintiff for past service; the defendant by its pleas charged, and by its evidence attempted to show, that there was an amount due defendant by plaintiff for excess of water supplied plaintiff during a previous quarter, and justified its action for discontinuance of its service solely on account of this past-due account for excess water. It was not a controverted issue that plaintiff had paid the regular charge during previous quarters, and that he had tendered the defendant the regular advance charge for the quarter during which the service was discontinued. In addition, the court, in its oral charge to the jury, which was clear and explicit, charged the jury that the defendant had the right to discontinue water service to the plaintiff, if he was indebted to the defendant for and on account of any past-due account for water. In its oral charge, among other things, the court instructed the jury:

"In other words, it has the right to cut the water off for a failure and refusal to pay a true past due indebtedness, but it has no right to cut the water off for a failure to pay an alleged past due indebtedness that does not in reality exist. That is the issue in that respect. And, under the evidence of the case, it is for the jury in this instance to say what is the truth, as to whether or not there was a past due indebtedness in this instance. That is, whether or not there was an excess for the quarter prior to the beginning, I believe, of May 11th, or 12th. It being claimed, in substance, in this case by the defendant that there was an excess for the past quarter preceding the quarter beginning May 11th. And that is one of the material issues in the case for your consideration."

It thus appears that the omitted allegation, if there was such, was nevertheless made an issue on the trial, and the court clearly and explicitly so instructed the jury. This cured the error on the pleading, if there was any, and under our Practice Rule 45 forbids a reversal of the judgment on that ground. Best Park & Amusement Co. v. Rollins, 192 Ala. 534, 68 So. 417, Ann. Cas. 1917D, 929; Clinton Mining Co. v. Bradford, 200 Ala. 308, 76 So. 74; Vance v. Morgan, 198 Ala. 149, 73 So. 406; Jackson v. Vaughn, 204 Ala. 543, 545, 86 So. 469; Southern Rwy. Co. v. Harris, 202 Ala. 263, 80 So. 101; Birmingham So. Rwy. Co. v. Goodwyn, 202 Ala. 599, 81 So. 339, 341; Ex parte Minor, 203 Ala. 481,

83 So. 475, 10 A. L. R. 687; Mauney v. Electric Const. Co. et al., 210 Ala. 554, 557, 93 So. 874; Sovereign Camp, W. O. W., v. Craft, 210 Ala. 683, 99 So. 167; Southern Rwy. Co. v. Dickson 211 Ala. 481, 100 So. 665; J. H. Burton & Sons Co. v. May, 212 Ala. 435, 438, 103 So. 46; Taylor v. Lewis, 206 Ala. 338, 89 So. 581; Navco Hardwood Co. v. Bass, 214 Ala. 553, 108 So. 452; American Rwy. Express Co. et al. v. Reid, 216 Ala. 479, 113 So. 507; Federal Auto Ins. Co. v. Meyers, 218 Ala. 520, 119 So. 230; Mobile & Ohio R. R. Co. v. Williams, 224 Ala. 125, 139 So. 337; Dudley v. Ala. Utilities Service Co., 225 Ala. 531, 144 So. 5; Atlantic Coast Line Rwy. Co. v. Jackson, 225 Ala. 652, 144 So. 813.

This brings us down to a consideration of the ruling of the court in declining to give the jury, at defendant's written request, charges 1 and 2, which were general charges, with hypothesis, directing a verdict in favor of the defendant.

We have carefully read and considered the evidence in this case, and we are of the opinion that the case made by the evidence required its submission to the jury. This, upon the well-recognized rule that, when the evidence affords an inference unfavorable to the party requesting the general charge, it should not be given. There was evidence in the case tending to support the averments of the complaint, and also tending to show that the plaintiff had not in fact used the excess of water, or any part of it, which formed the basis of the defendant's claimed past-due account.

In this state of the evidence, the defendant was not entitled to have the jury instructed in the terms of either of its refused charges.

Finding no reversible error in the record, let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.