162 So. 531

BIRMINGHAM GAS CO. v. SANDERS.
6 Div. 628.

Court of Appeals of Alabama.
April 16, 1935.

Rehearing Stricken June 4, 1935.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

Harsh, Harsh & Hare, of Birmingham, for appellee.

RICE, Judge.

Rule 10(c) of General Order U–2 of the Alabama Public Service Commission, General Rules for Electric, Gas, Water, Telephone and Telegraph Utilities, published by the commission, effective April 15, 1930, as introduced in evidence on the trial of this case, is in words and figures as follows: "Rule 10 C.—Any utility may suspend service to a customer without notice and without terminating the agreement for service in the event the instruments, contrivances and/or appliances used in the conducting, supplying, measuring or registering gas, steam, water and/or electricity on customer's premises are altered and/or changed in any way so as to cause such instruments, contrivances and/or appliances to destroy, alter, or prevent the registration of the service received, or if for any other reason the customer is receiving or about to receive the benefit of service without compensation to the utility for full amount of service rendered. The utility shall not be required to restore service after suspension in accordance with this rule until the customer has complied with all reasonable rules of the utility designed to prevent a recurrence and the utility has been reimbursed for full amount of service rendered."

It is without dispute, as we read the testimony, that, as the gas pipes were shown to be arranged, appellee, at the time appellant's agent cut off the gas from her premises, without notice, was "receiving or about to receive the benefit of service without compensation to the utility for full amount of service rendered." Or,

more explicitly, and without narrating what was shown in the testimony, appellee's and appellant's situation with reference to each other appears to have been in all respects covered by the provisions of the above-quoted rule of the Alabama Public Service Commission.

In other words, if said rule is a valid rule, appellee cannot recover, under the undisputed facts shown.

Other than to express our keen displeasure that the draftsman of the rule saw fit to "clutter it up" with the solecism, nay barbarism, "and/or," we have no criticism to offer of the same. Its promulgation seems a valid exercise of the power vested in the said Public Service Commission. Code Ala. 1923, c. 149 (section 4294 et seq.); Id., §§ 9630, 9631, 9632, 9633, and 9741; Compton v. Ala. Power Co., 216 Ala. 558, 114 So. 46; Wiegand v. Alabama Power Co., 220 Ala. 620, 127 So. 206; Alabama Water Co. v. Knowles, 220 Ala. 61, 124 So. 96; and other cases cited in brief filed here on behalf of appellant.

It results that the trial court erred in refusing to give to the jury at appellant's request the general affirmative charge to find in its favor.

For this error, the judgment is reversed and the cause remanded.

Reversed and remanded.

On Rehearing.

PER CURIAM.

█ It would not help to set forth the details, but it is enough to state that appellee is clearly shown, under the provisions of Supreme Court Rule 38 (Code 1923, vol. 4, p. 891), to be without right to apply for a rehearing in this appeal.

Appellant stoutly calls for the applied force of said rule, and we see no sufficient reason for denying its insistence. Code 1923, § 7318.

The application for rehearing is stricken.

Application stricken.